STATE OF MISSOURI *ex rel.* ADDIE ROGERS, Respondent, v. GAGE BROS. & Co., Appellants.

Kansas City Court of Appeals, May 16, 1892.

Practice, Appellate: COMPLETION OF TRANSCRIPT: ORDER OF COURT. After an appellant directs the clerk to make out a transcript, he can wait a notice from the clerk that the transcript is completed, and, until such notice, he is not in default in filing such transcript in the appellate court; and the order of the court in extending time to file bill of exceptions, that such extension shall not in anywise extend time of filing transcript, cannot alter the duties of the clerk nor affect the party entitled to the performance of such duty, and to rely upon such performance.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

MOTION TO AFFIRM OVERRULED.

*Parkinson & Graves*, for appellants.

*Francisco Bros. & Rose*, for respondent.

ELLISON, J.—We are asked to affirm the judgment in this cause. The appeal was taken on November 19, 1891, and time for filing bill of exceptions was extended to February 5, 1892. Before this time expired another extension to February 15 was granted. The bill was filed within this time, and the cause was, therefore,

returnable to the March term of this court. But the clerk of the circuit court did not get the transcript made out in time to reach this court for the March term; and he did not of course notify appellant, or appellant's counsel of record, of the completion of the transcript. By an amendment to section 2252, Revised Statutes, 1889, "The failure of the clerk to notify appellant, or his attorney of record, of the completion of the transcript, in time to enable him to have the same filed in the appellate court in the time required by law," shall be considered good cause for refusing to affirm the judgment of the lower court. Laws, 1891, p. 69.

Our interpretation of this section, as thus amended, is that after an appellant directs the clerk to make out a perfect transcript, he can await a notice from the clerk that the transcript is completed, and until such notice he is not in default.

II. At the time of the second extension the court added to the order the following words: "But this extension in nowise to extend time for filing transcript in the Kansas City Court of Appeals." We are unable to perceive how this order can alter the duty of the clerk, or affect the party entitled to a performance of such duty and to rely upon its performance.

The motion to affirm is overruled. All concur.