JOHN MESSICK, Appellant, v. WILLIAM FAIRBURN, Respondent.

St. Louis Court of Appeals, December 20, 1892.

Practice, Appellate: DUTY OF APPELLANT IN REGARD TO TRANSCRIPT. In all cases, in which a bill of exceptions is filed, the appellant should notify the clerk whether he desires a perfect transcript of all the proceedings, or merely a transcript of the record entry of the judgment and appeal; and he is in default if he fails to do so.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

MOTION TO AFFIRM JUDGMENT OVERRULED.

*R. H. Landrum, W. Cloud* and *Adiel Sherwood,* for appellant.

*Henry Brumback, W. B. Skinner* and *Norman Gibbs,* for respondent.

ROMBAUER, P. J.—The trial court rendered a judgment for the defendant on September 3, 1891, and the plaintiff, on the same day, took an appeal to this court. The time for filing a bill of exceptions was extended from time to time by stipulation between the parties

until September 1, 1892. On August 15, 1892, a bill of exceptions was filed in the case. No transcript was filed in this court prior to December 6, 1892, at which date the respondent filed this motion to affirm the judgment of the trial court. The appellant thereupon produced the transcript and asked leave to file it. Affidavits in support and against the motion are likewise filed.

The appellant claims that he is not in default, because, as soon as notified by the circuit clerk that the transcript of the record was completed, he caused the same to be filed in the clerk's office of this court, and that his doing so is made by statute good cause for refusal to affirm the judgment. Revised Statutes, 1889, sec. 2252. The respondent claims that the appellant is in default, because, as shown by the clerk's affidavit, he did not order the clerk to make out a transcript after the bill of exceptions was filed, which was the main cause of the delay. We conclude that the respondent's position is correct.

Section 2257 of the Revised Statutes of 1889 provides:

"When an appeal shall have been granted to any appellate court, * * * the clerk of the court in which the judgment or degree appealed from was rendered shall, without delay, make out and send to the clerk of such appellate court a complete copy of the record entry of judgment, or decree appealed from, and order granting the appeal, *or in lieu thereof, if the appellant or plaintiff in error shall direct,* a perfect transcript of the record or proceedings in the cause."

A fair construction of this section requires that the appellant, in all cases where a bill of exceptions is filed, should inform the clerk of the circuit court at once whether he desires a perfect transcript of all the proceedings, or merely a transcript of the record entry of

the judgment and appeal, as he has the option to take either, and he is in default if he fails so to notify the clerk. Any practice to the contrary, which may have grown up in different counties on that subject, is entitled to no consideration since the change introduced by the amendment of 1889.

In view of the fact, however, that this is a case of first impression on this branch of the practice act, we think it would be visiting the appellant with a penalty too severe, if we affirmed the judgment against him for this default. Hence, we will overrule the motion to affirm the judgment, on condltion that the appellant pay the costs of the appeal in any event, and that the cause be set down for hearing on the January call of the present term. So ordered. All the judges concur.