E. S. DARE, Appellant, v. FRANK B. SMITH *et al.*, Defendants; THE BANK OF SPRINGFIELD, Interpleader, Respondent.

St. Louis Court of Appeals, October 16, 1894.

Practice, Appellate: DUTIES OF APPELLANT. It is the duty of an appellant to at once inform the clerk of the trial court whether he desires a transcript of the entire proceedings, or merely a certified copy of the entry of judgment and order allowing the appeal; a failure on his part to do so constitutes negligence.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*C. V. Buckley* for appellant.

*Massey & Tatlow* for respondent.

BIGGS, J.—The respondent has filed a motion for the affirmance of the judgment for failure to prosecute. The judgment in favor of the respondent was rendered on the twelfth day of June, 1894. During the same term, to wit, on July 13, an appeal was granted with leave to file bill of exceptions within sixty days thereafter. The bill of exceptions was filed on July 23. The appellant having failed to file in this court a transcript of the record, or in lieu thereof a certified copy of the record entry of the judgment, the respondent asks for an affirmance of the judgment.

The appellant resists the motion, on the ground that the clerk of the circuit court failed to notify him of the completion of the transcript, as provided by section 2252 of the Revised Statutes of 1889, as amended

in 1891.    The affidavits of the clerk and of the attorney for the appellant are produced, to the effect that the transcript had not been completed, and that the clerk had failed to notify the appellant or her attorney of this. The affidavits are insufficient, in that they fail to show that the appellant ordered the clerk to make out the transcript, or to furnish her with a certified copy of the judgment entry.    We decided in the case of *Messick v. Fairburn*, 52 Mo. App. 69, that it was the duty of the appellant to inform the clerk of the circuit court at once whether he desired a transcript of the entire proceedings, or merely a certified copy of the record entry of the judgment and of the order granting the appeal, and that a failure to do so was negligence.    The Kansas City court of appeals has likewise so decided. *State ex rel. v. Gage*, 50 Mo. App. 201.

It follows that the motion of the respondent must be sustained, and the judgment of the circuit court affirmed.    All the judges concur.