JAMES ROWE v. RIGDEN HEATH.

A covenant of general warranty, is not limited or restrained in its operation, by a succeeding covenant, in the same deed, to defend the title against all persons claiming through the patent or deed under which the vendor held the land.

The proper construction of these covenants, standing together, is, that a general warranty was intended. There is nothing in the latter covenant, which shows an intention on the part of the grantor, to restrain the generality of the preceding one. .

It seems, that the vendee, who defends against an action brought to recover the land, is entitled to recover from his warrantor, under a general warranty, the attorney's fees, and other necessary expenses incurred in defending the title, without proving any express contract to that effect.

APPEAL from Panola. Tried below before the Hon. Charles A. Frazer.

This was an action brought by the appellee against the appellant, on the covenants of warranty in a deed, for a certain tract of land sold to him by the defendant, from which he had been evicted by another claimant, under a superior title; and also upon a special verbal contract, to pay the expenses incurred by the plaintiff, in defending the suit brought by the claimant, for the recovery of the land.

The appellee in this suit, in his petition, alleged, that in consideration of the sum of $470, paid by him to the defendant, the latter, on the 25th day of July, 1850, executed to him a deed, for a tract of land, containing 470 acres, and attached to the petition a copy of the same, as an exhibit, which set out the field-notes of the tract, and described it as "a part of the land patented to John T. Copeland, and from him transferred to me by deed." This deed contained the following covenants of warranty, to wit, "for him the said Rigden Heath, his heirs and assigns, to have and to hold forever, as his own right, title, and property, free from the claim or claims of me, my heirs, or creditors, and all other person or persons whomsoever, to claim the same, or any part thereof, lawfully; and further, I do bind

myself, my heirs, executors, and administrators, severally and jointly, unto the said Rigden Heath, his heirs, executors, and administrators, to warrant and forever defend the right and title to said land, against all legal claim or claims to said land and premises, in virtue of the said Copeland patent and deed to me.''

The plaintiff alleged, that he entered upon the said land, by virtue of the aforesaid deed, and occupied the same; that one Harrison Davis, on the 16th day of October, 1850, sued him in the District Court, for the recovery of the said land, of which the said Rowe was duly notified by the petitioner. That on the 14th day of December, 1854, the said Davis, lawfully claiming the said premises, by an older and better title, recovered judgment against the petitioner, for the land, and costs of suit, amounting to $100. That Davis entered upon the said land, and evicted the petitioner, and still kept him evicted from the same. The petitioner alleged, that he has been deprived of his improvements on the land, worth $2600, besides the purchase-money paid as aforesaid. That the defendant refused to defend the said suit, in consequence whereof, he had been compelled to pay $300, as attorney's fees, for defending the same. That after Davis brought the aforesaid suit, the petitioner, on the 17th day of October, 1850, called on the defendant, and proposed a cancellation of the contract of sale with him, for the reason, that he did not wish to make improvements on the land, under uncertainties as to the validity of his title. The defendant, as the plaintiff alleged, assured him, that his title was good, and could not be defeated by the said Davis; and then promised him, that in the event of his being evicted from the premises, he would pay for all improvements, that the petitioner might in the meantime have made upon the land, and that the petitioner should lose nothing. By an amendment filed to the petition, the plaintiff alleged, that the consideration of the said promise was, that he would not then abandon the land, and sue the defendant on the warranty in the deed, but remain thereon, until the suit with Davis should be deter-

mined; and in consideration thereof, that the defendant, Rowe, would pay for all improvements, and pay all expenses of defending the suit. That Rowe did defend the said suit, for two or three terms of the court after the suit was brought, and then abandoned the same, thus leaving the petitioner to defend the same, and occasioning thereby, the expenditure by him of large sums of money. That confiding in said representations and promises, he had, since the commencement of the suit against him aforesaid, made improvements, and expended thereon $1500. The plaintiff prayed for a judgment for his said damages, and for the costs and expenses of the said suit against him.

The defendant filed a general demurrer to the petition, and set forth special causes, viz: that by the terms of the deed to the plaintiff, the defendant did not undertake to warrant and defend the title of the said land, against the lawful claims of *all persons*, but only against all and every person, claiming, or to claim, *under or by virtue of said John T. Copeland's head-right survey*, in the deed mentioned, and *those claiming under him*. That the defendant was not bound, in law, to pay the attorney's fees incurred by the plaintiff, and set forth in the petition as a charge against him; nor to pay the expenses, claimed in the plaintiff's petition, for his expenses in attending court, and the costs incurred in the said suit of Harrison Davis v. Rigden Heath, the said plaintiff. The demurrer to the petition was overruled.

On the trial, the plaintiff proved, that, at or about the time that Davis set up his claim to the land, the defendant, Rowe, requested the petitioner not to abandon the land, and to retain possession thereof; that a suit on Davis's title would not cost him (Rowe,) more than twenty-five or fifty dollars, as attorney's fees, in its defence; that, after the suit was commenced, Rowe attended court several terms, aiding in the defence thereof, but, before the trial, abandoned the same.

It was proved by an attorney, that in the fall of the year 1852, Rowe introduced Heath to him, with the view to his en-

gagement to defend the case of Davis v. Heath. Rowe gave him a history of the Copeland title, and also of the Davis title; the payment of the fee was mentioned by Heath, who said that Rowe was to pay it, which Rowe denied; after some dispute, they failed to agree upon it; he told them he would attend to the case, upon condition, that one or the other would agree to pay; the amount of the fee was not then settled. Heath said that he would pay the fee, if Rowe would not, and he would look to Rowe for it, if he lost the land; Rowe was not present when that remark was made. Heath afterwards gave the attorney his note for $300, dated 20th day of December, 1854, payable one day after date.

It was proved, that when Davis commenced the suit against Heath, the latter sent to Rowe the deed; and that, when it was presented to him, he directed it to be given to Gen. Henderson, (the attorney above referred to,) saying that he was his attorney, and that he would pay the expenses of the suit of Davis v. Heath.

The court charged the jury, that if the plaintiff purchased the land described in the petition from the defendant, and afterwards, in the suit mentioned in the petition, Davis recovered a judgment against Heath, for the said land, or any part thereof, Heath was entitled to a verdict for the value of the portion of said land so recovered, as fixed by the price which he gave for the same, with interest from the date of the said judgment, and the costs of said suit; that if Rowe promised Heath, that, if he would not abandon the land, and would resist Davis's title in the said suit, he would pay his attorney's fee in the same, Heath was entitled to recover the amount thereof, as shown by the testimony.

Verdict and judgment for the plaintiff, for the sum of $870.73.

*Moore & Mason*, for the appellant.

*W. R. Poag*, for the appellee.—It is contended by the appellant, that the deed set out in the petition of the plaintiff in the court below, does not contain a covenant for a general warranty against all claims, but only against all persons claiming under

40

the Copeland claim. We deem it scarcely necessary to argue this point. The deed shows, first, that Rowe covenanted to warrant the title to Heath, against all claims whatever. The last clause of the deed, it is insisted, modifies this, and makes the warranty in the deed, only a special or limited warranty. By reference to that clause, it will be seen, (if it means anything,) either that Rowe made, in addition to the general warranty, a special warranty against all persons claiming under the Copeland claim, or, that he intended by that clause, merely to state the title or authority under which he made the conveyance and the warranty. If it was intended by the last clause of the deed, to restrict or limit the warranty to such claims as might arise under the Copeland claim, why should it be stated in the deed, (after making a general warranty against all claims,) that he *further* binds himself to warrant the title against all claims, *in virtue* of the Copeland patent and deed to him? The word "*further*," shows, if it was intended in this clause to make any warranty at all, that it was intended to be, and was, a special warranty, in addition to the general warranty. If it was not intended to make any additional special warranty, it shows, then, by using the words, "*in virtue* of the Copeland *patent* and *deed* to *me*," that he only intended to state the title by virtue of which he made the sale and the warranty. But, in no event, can the deed be so construed, so as to allow the last clause to destroy the force and effect of the preceding clause, and reduce a covenant for a general warranty, (which it clearly contains,) to a special or limited warranty. (2 Bl. Com. 381.)

WHEELER, C. J.—The questions for decision upon this appeal, are, whether the covenant on which the suit is brought, is a covenant of general warranty; and, if so, whether the plaintiff was entitled to recover, in this action, his necessary expenses, incurred in defending his grantor's title.

The first covenant in the deed, is in these words: "For him, the said Rigden Heath, his heirs and assigns, to have and to hold forever, as his own right, title and property, free from the claim

or claims of me, my heirs, or creditors, and all other person or persons whomsoever, to claim the same, or any part thereof, lawfully." These words plainly import a general warranty intended.

But, it is insisted, that their operation is limited by the succeeding clause, as follows: "And further, I do bind myself, my heirs, executors and administrators, severally and jointly, unto the said Rigden Heath, his heirs, executors and administrators, to warrant and forever defend, the right and title to said land, against all legal claim or claims to said land and premises, in virtue of said Copeland patent and deed to me."

To give the latter covenant the effect contended for, would be contrary to the rule observed in the constuction of covenants in deeds, that, "where the first covenant is general, a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appear, or the covenants be inconsistent." (Rawle on Covenants for Title, 487, 508, *et seq.*, and cases cited.) The covenants are inartificially drawn; but considered together, it seems that a covenant of general warranty must have been intended. Otherwise the first was unnecessary and unmeaning. The construction contended for, would strike it out of the deed altogether. And the second would be very inaptly expressed, to convey the meaning contended for; that is, that the grantor intended to warrant only against persons claiming under the Copeland patent. No person could assert a lawful claim to the land, "in virtue of the Copeland patent and deed to me," as it is expressed, but some one claiming under the grantor himself. And if it had been the intention of the grantor, to warrant only against his own acts, it is reasonable to suppose he would have employed language usual and appropriate, to convey that meaning. The words, "and further," with which the second covenant begins, do not imply an intention to limit the preceding clause, but rather the contrary. It is not improbable the intention was, as claimed by counsel for the appellee, to express the right, "in virtue" of which, he undertook to convey and warrant the title. We do not think an intention is manifest to restrain the generality of the

preceding clause; and are of opinion that the court did not err in holding, that the deed contained a covenant of general warranty. The after-conduct of the parties shows very satisfactorily that such was their understanding of the covenant in the deed.

It only remains to inquire whether the plaintiff was entitled to recover the attorney's fees, and other necessary expenses of defending the title of the defendant. And it seems, from the authorities, that he was so entitled, without proving any contract, or express promise to that effect; the more especially as he made defence at the instance of the grantor. (Rawle on Covenants, 121–126.)

But the plaintiff relied on the express promise and undertaking of the defendant to pay the expenses of the suit; and we are of opinion that the evidence was sufficient to warrant the jury in finding, that there was such an undertaking on the part of the defendant. It appears, that the plaintiff remained in possession, and defended the suit at the special request of the defendant; and although, at one time, the latter disputed with the former, his undertaking to pay the attorney's fee, it is in proof, that previously, at the time when the suit was commenced, he spoke of having an attorney, and said he would pay the expenses of the suit. These admissions, in connexion with the fact, that he had specially requested the plaintiff not to abandon the land, and had spoken of the expenses to be incurred by himself in the defence, were sufficient to warrant the jury in their finding. We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.

ROBERTS, J., did not sit in this case.