BRIDGET TRACY, Defendant in Error, v. J. E. GREFFET, Plaintiff in Error.

St. Louis Court of Appeals, October 24, 1893.

1. **Conveyances:** EFFECT OF WORDS, GRANT, BARGAIN AND SELL: CONSISTENCY OF IMPLIED COVENANTS WITH SPECIAL WARRANTY. A covenant of special warranty against the claims of all persons by, through or under the covenantor is not inconsistent with the covenants implied under the statute (Revised Statutes, section 2402) from the use of the words, "grant, bargain and sell." Accordingly, the statutory effect of these terms attaches to a deed which contains them and also such special warranty.

2. ———: COVENANT OF TITLE: EVICTION OF COVENANTEE. An eviction justifying substantial damages for breach of a covenant of title to land is shown, when it appears that an action to establish a paramount title was prosecuted to a successful termination against the covenantor and covenantee, and that the covenantee thereon availed himself of a provision of the judgment permitting him to retain the land upon the payment of its assessed value.

*Error to the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Thomas A. Russell*, for plaintiff in error.

*Rudolph Schulenburg*, for defendant in error.

BOND, J.—Plaintiff bought a lot in the city of St. Louis from defendant for the consideration of $625. A deed to the lot in question was executed by defendant, in which the operative words, "grant, bargain and sell" were employed. The deed also contained a subsequent clause, to-wit: "The said J. E. Greffet (plaintiff in error), hereby covenanting that he will

warrant and defend the title to the said party of the
second part (defendant in error), and unto her heirs
and assigns forever, against the lawful claims and
demands of all persons by, through or under him."
The defendant in error took possession of the lot under
said deed and thereafter a suit was begun in the circuit
court of the city of St. Louis by one Mena Highfield
and husband, claiming title to said lot, to which the
plaintiff and defendant in error herein were made
parties.  The ground of this action was that the lot in
question had been sold for special taxes in a proceed-
ing against the plaintiffs therein, resting upon con-
structive notice, and that the period of redemption
had not expired, and that plaintiff in error and defend-
ant in error, whose title was under the sale for such
taxes, had refused the amount of the tax judgment
and costs tendered them by said plaintiffs within two
years after such tax sale.  These proceedings resulted
in a decree sustaining the title of Mena Highfield and
husband to the lot in question, and requiring defend-
ant in error to pay into court the value of said lot or
surrender all right, title and possession thereof.  The
defendant in error complied with the decree by paying
the value of the lot as found by the court, and the
costs of the proceeding, to-wit, $784.63; her title to
the lot in question was thereupon confirmed upon final
decree in that court.

The present suit is brought by plaintiff in error
upon the first general covenant given by statute
(Revised Statutes, section 2402) from the use of the
words "grant, bargain and sell."  The first covenant,
which the statute raises against a grantor in a deed
containing the terms in question, is "*that the grantor
was, at the time of the execution of such conveyance,
seized of an indefeasible estate, in fee simple, in the real
estate thereby granted.*"  The statute further provides

that this, and the two other covenants therein mentioned, shall be created by the use of the words, "*grant, bargain and sell,*" in all conveyances in which any estate of inheritance in fee simple is limited, "unless restrained by expressed terms contained in such conveyances," "and may be sued upon in the same manner as if such covenants were expressly inserted in the conveyance."

The plaintiff in error insists that the subsequent special warranty of title against the grantor and all claiming under him, contained in the deed, constitutes a restriction of the prior unlimited covenant of seizin of an indefeasible estate in fee simple, on which the suit is brought. The rule is that, "where the first covenant is general, a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appear, or unless the covenants be inconsistent." Rawle on Covenants for Title [5 Ed.], sections 288 and 291; *Rowe v. Heath,* 23 Texas, 614. In accordance with this principle the statute under consideration provides that its effect can only be restrained by "expressed terms." It follows therefore that, unless the deed in question shows an express intention on the part of the grantor to limit his preceding statutory covenant by the terms of his special warranty, or that the two covenants are inconsistent, we must hold that the breach of the statutory covenant of seizin and title is well assigned. That there are no words nor terms in the special warranty referring *expressly* to the preceding statutory covenant, nor purporting to confine, by negative expressions, the liability of the grantor to that assigned in his special warranty, is apparent from the language employed in framing the special warranty. The grantor in his special warranty says, in substance, that he will warrant the title against himself and those

claiming under him.   He does not say that his preceding prior covenant of title as against the world shall not be further binding than he has afterwards covenanted.

· It may be granted that the two covenants refer to the same subject, *i. e.* title to the lot in question, and that the special warranty was superfluous, because the assurance therein contained was fully covered by the undertakings in the prior statutory covenant; yet it does not follow that for these reasons the two covenants are inconsistent.   This was the exact question decided in two causes by Judge Napton, *Alexander v. Schreiber*, 10 Mo. 460, and *Collier v. Gamble*, 10 Mo. 471.   In those cases the first and second statutory covenants of seizin and against incumbrances were held to embrace the same objects *pro tanto*, the latter being included in the former and "apparently superfluous;" but it was also decided that the latter did not on this account restrain nor limit the former covenants of seizin. *Collier v. Gamble*, 10 Mo. *loc. cit.* 471.

In *Shelton v. Pease*, 10 Mo. *loc. cit.* 482, the same judge held that the statutory warranty against incumbrances (which, if an encumbrance existed, would be broken when made) was restrained by a special warranty (which would only be broken by eviction or its equivalent) against a particular mortgage existing and mentioned in the deed, saying *arguendo:* "Can we suppose that, where a party in a deed makes a special covenant to warrant and defend against a particular mortgage recited in the deed, he at the same time intends by a general covenant against incumbrances, to covenant against the existence of this particular mortgage?   Can the two covenants stand together?   If we allow the covenant against incumbrances to include the mortgage of Languemare, we have a party first recognizing the existence of this

mortgage and making a special covenant in relation to it, based upon the hypothesis of its existence and only providing against any *disturbance or eviction* under it, and at the same time covenanting that the land was free from all mortgages. Upon this construction of the deed, the grantor covenants against an incumbrance, the existence of which he acknowledges in the deed containing the covenant. Such a construction does violence to the language of the deed, and the manifest intention of the parties."

It is clearly apparent from this case, and the two others above cited, that the test of inconsistency between covenants having the same objects is not that the two covenants differ as to measure of their obligation, but whether or not the different obligations are so opposed that they cannot stand together; for, if they may, it is evident that there is no inconsistency between them. Tested by this rule, it is evident there is no repugnancy between the two covenants in question. Their relation to each other is similar to that of the whole and some of its parts; the statutory covenant of seizin was an assurance of title as against the grantor and all others; the special warranty ran against the grantor and some others, *i. e.*, those claiming under him.

It is evident from the wording of the special warranty that its "expressed terms" do not show any restriction of the prior statutory covenant. We hold that the grantor did not intend thereby to restrict his foregoing covenant of seizin, and that the deed containing the two covenants was competent evidence. Our conclusions herein are sustained by the supreme court of Iowa in a case as to the effect of a statutory covenant of seizin in a statute identical with ours, where the deed also contained a special warranty similar to the one in this case. *Brown v. Tomlinson*, 2

Green, 525. Speaking of the two covenants, the court said: "Though the latter and more limited covenant may be mainly comprised within the former, it is still perfectly reconcilable with them, and as they are in no way restrained or excluded by express words in the deed, we can come to no other conclusion than that the covenants, which were expressed by virtue of the statute which enters into the conveyance, should co-exist and operate with that which is especially set forth in the deed."

There is no merit in the point made by plaintiff in error, that there was not sufficient evidence of an eviction to justify a recovery of substantial damages in this action. The record shows that an action to establish-lish a paramount title was begun and prosecuted to a decree, adjudging the same valid against the covenantor and covenantee, and that the covenantee yielded to the final judgment establishing such paramount title. This was equivalent to an actual eviction, and entitled the defendant in error to the same measure of damages. *Lambert v. Estes*, 99 Mo. 604.

It follows, from the views herein expressed, that the court committed no error in the reception of the deed and the proceedings in the suit to set up paramount title in evidence, and that the judgment rendered in this case should be affirmed. It is so ordered. All concur.