E. B. MILLER, Appellant, v. J. M. BAYLESS et al., Respondents.

St. Louis Court of Appeals, May 12, 1903.

1. **Deed: WARRANTY, SPECIAL, WHEN.** The deed provided that the land was conveyed to the grantees and their heirs and assigns free and clear from any incumbrances done by the grantors, and that it was expressly understood, that the grantors would warrant and defend the title to the premises against the lawful claims and demands of themselves, their heirs, or those through whom they claimed: *Held,* that such provision constituted a covenant of special, and not general, warranty.

2. ———: "GRANT, BARGAIN AND SELL," CONSTRUED: RESTRICTIVE WORDS, EFFECT OF. Where a deed contained the words "grant, bargain and sell," but thereafter provided that it was expressly understood in the conveyance and in the covenants therein that the grantors would warrant and defend the title as against the lawful claims and demands of themselves, their heirs, or those through whom they claimed, the covenants of warranty and seizin implied from the use of the words "grant, bargain, and sell," were limited by such subsequent provision, so as to relieve the grantors from the liability for claims arising outside of their chain of title.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

AFFIRMED.

*Edw. J. White* for appellant.

(1) The petition declares both upon the covenant of seizin and that of general warranty, and the breach alleged shows a violation of both covenants. Allen v. Kennedy, 91 Mo. 324. (2) Under the practice in this State now, a covenant of seizin, as well as a covenant of warranty, runs with the land; is transmissible, without words of special assignment and enures to the benefit of a subsequent grantee of the premises warranted. Langenberg v. Herr Dry Goods Co., 74 Mo. App. 12;

Loring v. Groomer, 142 Mo. 1; Egan v. Martin, 71 Mo. App. 60; Coleman v. Clark, 80 Mo. App. 339; Tracy v. Greffet, 54 Mo. App. 562. (3) Clearly, an inability to get into possession of premises conveyed, is the same as an actual eviction, and a judgment in favor of the party in possession (such as was pleaded here), has the same force and effect as one of eviction. Adkins v. Tomlinson, 121 Mo. 487.

*Davis & Steele* for respondents.

(1) The position of appellant that the petition declares upon both covenant of seizin and general warranty, if true, places him in no better position, for it does not then state a cause of action. Covenants of warranty and quiet enjoyment relate to the possession, and there must be an eviction to constitute a breach of either. Unless there has been an eviction of the grantee there is no breach of either the covenant of warranty or for quiet enjoyment. 8 Am. and Eng. Ency. of Law (2 Ed.), page 98; Barlow v. Delaney, 40 Fed. 97. (2) The petition declares only on the covenant of seizin which is a personal covenant; it is in the present tense, and if broken at all it is broken at the moment of its creation, and it is immediately converted into a mere chose in action, which is incapable of running with the land; the breach extinguishes the covenant. Chambers' Adm'r. v. Smith's Adm'r., 23 Mo. 178. (3) Covenants of seizin and right to convey is a general covenant that the grantor is lawfully seized, and had a right to convey at the time of the conveyance. If the grantor is not then possessed of the legal title, and is not in possession of the premises, the covenant is broken as soon as made, and the grantee (in this case W. A. Stilley) and no one else, may at once bring an action for the breach. Tiedeman, Real Property, sec. 850, and cases cited under note 4; 3, Washburn Real Property (4 Ed.), p. 457; White v. Stevens, 13 Mo. App. 246.

GOODE, J.—On February 1, 1893, John Bayless, Thomas Allen and their wives, executed a deed to W. A. Stilley, which purported to convey the title to certain land in Barry county, Missouri, to the grantee Stilley. The granting clause in the deed recites that the grantors "do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, his heirs and assigns, the following lots, tracts and parcels of land," describing the same. Following the description is a habendum clause of the following tenor: "to have and to hold the premises aforesaid unto said party of the second part and unto his heirs and assigns forever; that the said premises are free and clear of any incumbrances done by them and it is expressly understood in this conveyance and in the covenants herein that the grantors will warrant and defend the title to said premises unto the said party of the second part and unto his heirs and assigns forever against the lawful claims and demands of themselves, their heirs or those through whom they claim, except for taxes to become due."

After Stilley bought the land it passed by mesne conveyances, mostly in the nature of general warranty deeds, to the plaintiff, Miller, who acquired the title July 11, 1898.

Miller instituted this action February 5, 1902, on the covenants contained in the deed made by Bayless and Allen to Stilley. The court sustained a demurrer to the petition, the plaintiff refused to plead further and final judgment was entered on the demurrer in favor of the defendant, from which judgment the cause was appealed to this court.

The petition states the execution of the deed containing the covenants in question and alleges that it contained the covenants implied from the words, "grant bargain and sell," and of general warranty; that by its terms the defendants covenanted that they were seized of an indefeasible estate in fee simple in the premises

conveyed and had good right to convey the same; that Stilley paid one hundred dollars as a consideration for the land. Mesne conveyances are then stated which sufficed to pass whatever title Stilley acquired to the plaintiff, the petition alleging that they also passed to the plaintiff the covenants of seizin and general warranty, so that those covenants became operative in favor of plaintiff.

It is next averred that the said covenants were broken and violated by the defendants in this: that defendants did not have the legal title to the premises at the date of their conveyance, nor the right to the possession nor the possession thereof; but that the land was then in a raw, uncultivated state in the possession of no one and remained in this condition until August, 1897, when one F. R. Cartwright purchased the outstanding title, which was held by T. J. Corpeny at the date of said conveyance by the defendants.

The petition avers that Cartwright, after purchasing the land, immediately entered into possession and excluded the plaintiff from possession under a better title to said premises held by him than plaintiff had or than had been derived from the defendants.

The petition avers that at the date of the execution and delivery of the deed to Stilley containing the covenants sued on, defendants did not own the land, but that the title was then outstanding in the heirs of one Turner; that Cartwright, at the date of his entry into possession in August, 1897, entered and claimed the land under a superior outstanding title, which existed at the date of the conveyance executed by the defendants; but that until the entry of Cartwright no claim was made to said premises under the paramount title, nor was there an eviction of the plaintiff or his grantors from the premises. The damages which plaintiff sustained by reason of the alleged breach of the covenants are then stated and judgment prayed for their amount.

The demurrer filed by the defendants states two

grounds: that the plaintiff had no capacity to sue; that the petition does not state sufficient facts to constitute a cause of action against the defendants.

The deed executed by the defendants to Stilley was called for in the petition, attached as an exhibit to it in appellant's abstract of the record, and is treated by both parties in their briefs as being before this court for its consideration in determining the propriety of the judgment of the circuit court.

Plaintiff's petition, taking the view most favorable to him, counts on covenants of seizin and of general warranty. The covenant of warranty actually contained in the deed, which we have recited above, is a special and not a general warranty and bound the defendants to warrant and defend the title to the premises conveyed only against the claims and demands of themselves, their heirs or those through whom they claimed. Inasmuch as the failure of plaintiff's title was due, according to the petition, to a paramount title superior to that of the defendants, and was not due to any act of the defendants, their heirs or other persons claiming under them, no breach of the special covenant of warranty is stated.

It has been determined in this State and by this court, as well as by courts elsewhere, that the statutory covenants raised by the words, "grant, bargain and sell," when used in a conveyance of land, are not restricted in their scope by an express covenant of special warranty, if the latter makes no reference to the former covenants nor is coupled with them in such a way as to modify their ordinary effect.

Speaking for myself, I must say that the reasoning on which such decisions are based is not entirely satisfactory, inasmuch as the words, "grant, bargain and sell," constitute the ordinary formula for the conveyance of real estate and are generally employed mechanically in writing conveyances; whereas a covenant of special warranty, restricting the liability of the grantor

to the hostile acts and demands of designated individuals, clearly bespeaks an intention on the part of the grantor to decline responsibility for adverse demands or titles made or held by persons not designated. But the rule is settled the other way in this State as well as in other States, and we would have to regard it as binding on us in a case falling within its scope. Tracy v. Greffet, 54 Mo. App. (St. L.) 562; Rowe v. Heath, 23 Texas 614; Brown v. Tomlinson, 2 Green (Iowa) 525; Gratz v. Ewalt, 2 Binn. (Pa.) 98; Funk v. Voneida, 11 Serg. & R. 111; Roebuck v. Dupuy, 2 Ala. 541; Stewart v. Anderson, 10 Ala. 504; Winston v. Vaughan, 22 Ark. 82; Prettyman v. Wilkie, 19 Ill. 235. The contrary rule seems to have been adopted in Mississippi. Weems v. McCaughan, 7 Sm. & March, 427; Busch v. Cooper, 26 Miss. 599.

The doctrine of the courts is that general covenants, whether they be expressed on the face of the deed or raised by implication of law from the words "grant, bargain or sell," are not restricted in their operation by limited special covenants unless the different covenants are so irreconcilable that they can not all have their full force, or unless the limited covenant refers to or is connected with the general covenants in such a manner as to show the intention of the grantor was to restrain the force and effect of the general covenants. Alexander v. Schreiber, 10 Mo. 460, a case in which a number of authorities on the subject are examined.

But it is also the law that however general and far-reaching the force of any covenant (whether expressed in the conveyance or implied by the law) might be if it stood alone, if it is connected with restrictive language in the deed which shows clearly that the grantor intended to qualify and limit his responsibility on the covenant below its usual sense, the operation of the covenant will be determined, not by its usual sense, but from the entire contents of the deed. This simply means that the intention of the parties to an instrument

is gathered from its four corners and when thus gathered will be enforced; and it may be said that that rule of construction is now as applicable to conveyances of land as to any other sort of contracts and is no longer hampered by those ancient rules which made the force of the different clauses of a deed depend on whether they preceded or followed each other in the instrument, rather than on the plain intention of the parties. Gainsford v. Griffith, 1 Sand. 60; Foord v. Wilson, 8 Taunton 543. In the first of those two decisions in considering when a special covenant restrained a general one, it was said: ''Every case must depend on the particular words used in the instrument before the court, and the distinctions will be found to be very nice and difficult.''

The rule that covenants are taken most strongly against the covenantor is reversed in the case of statutory covenants, because they are implied and are in derogation of the common law. Douglass v. Lewis, 131 U. S. 75.

Many of the authorities on the question of whether a special covenant embraced with general ones in a deed will control the operation of the latter, are collected in Rawle on Covenants of Title (5 Ed.), sec. 287 et seq., to which, without reviewing the cases, we refer. We do not review them because, in our opinion, the clauses of the deed before us leave no doubt that the implied statutory covenants are to be restrained by the special warranty, and for this reason: the latter expressly refers to the former and undertakes to confine their operation. The special warranty stipulates that, ''*It is expressly understood in this conveyance and in the covenants herein,* that the grantors will warrant and defend the title to the premises conveyed against the lawful claims of themselves, their heirs and those through whom they claim.'' If the implied covenants are taken to be of unlimited and unrestrained operation, no force whatever can be given to the words of the special warranty that ''it is expressly understood in this

conveyance and *in the covenants herein.*" Those words "covenants herein" must refer to the implied covenants and limit their operation; for the deed contains no other covenants to which they can refer. The meaning of the instrument considered as a whole is, that the grantors refused to bind themselves by general covenants, but restricted their liability; and it is to be interpreted as a special warranty deed without general covenants. In its reference to the other covenants, the warranty in this instrument differs from those construed in Tracy v. Greffet, supra, and in the cases on which that decision was based, each of which warranties contains no such reference but was an isolated obligation independent of the rest of the deed.

As no breach of the covenants, when correctly understood, was stated in the petition, the demurrer was rightly sustained and the judgment is affirmed. *Bland, P. J.,* concurs; *Reyburn, J.,* dissents, on the ground that the decision is in conflict with the decision of this court in Tracy v. Greffet, 54 Mo. App. 562, and requests that the case be certified to the Supreme Court for final determination, and it is so ordered.