## MILLER, Appellant, v. BAYLESS et al.

### Division Two, March 6, 1906.

1. **WARRANTY DEED:** General and Special Covenants: Restrictions. The statutory covenants raised by the words "grant, bargain and sell" when used in a conveyance of land, are restricted in their scope by an express covenant of special warranty, if the latter makes direct reference to the former covenants, or is coupled with them in such a way as to modify their ordinary effect.

2. ———: ———: ———: **Outstanding Title.** A warranty deed recited that the grantors "do by these presents grant, bargain and sell, convey and confirm unto the party of the second part, his heirs and assigns," certain lands, and in the habendum clause they covenanted that "the said premises are free and clear of any incumbrances done by them, and it is expressly understood in this conveyance and in the covenants herein that the grantors will warrant and defend the title to said premises unto the said second party and unto his heirs and assigns forever against the lawful claims and demands of themselves, their heirs and those through whom they claim." *Held,* first, that the covenant of warranty was a special and not a general warranty, and bound the grantors to warrant and defend the title against the claims and demands only of themselves, their heirs and those through whom they claim; and the grantee, having in his petition charged his loss of the premises to a superior outstanding title, cannot recover for a breach of warranty; second, the words in the habendum that "it is expressly understood in this conveyance and in the covenants herein" must be held to be a restriction upon the general warranty implied in the words "grant, bargain and sell," and to

limit those words to refer to "the lawful claims of the grantors, their heirs and those through whom they claim," and not as a warranty against the claims of those who claim under an outstanding title.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Edw. J. White* for appellant.

(1) The petition declares both upon the covenant of seizin and that of general warranty, and the breach alleged shows a violation of both covenants. Allen v. Kennedy, 91 Mo. 328. (2) Although more specific in its allegations and changed to meet the different state of facts declared upon, the petition is in substantially the form set out in White v. Stevens, 13 Mo. App. 240, which was held to state a good cause of action, by this court. (3) The line of cases relied upon by respondents are predicated upon the common law idea that a chose in action is not assignable; that an action of covenant does not accrue to an assignee without a possession of the land covenanted, or something to which the covenant can be tacked onto, to carry it to the assignee. Under the practice in this State now, a covenant of seizin, as well as a covenant of warranty, runs with the land; is transmissible, without words of special assignment, and inures to the benefit of a subsequent grantee of the premises warranted. Langenberg v. Dry Goods Co., 74 Mo. App. 12; Loring v. Groomer, 142 Mo. 1; Egan v. Martin, 71 Mo. App. 60; Coleman v. Clark, 80 Mo. App. 339; Tracy v. Greffet, 54 Mo. App. 562. (4) Clearly, an inability to get into possession of premises conveyed, is the same as an actual eviction and a judgment in favor of the party in possession (such as was pleaded here), has the same force and effect as one of eviction. Adkins v. Tomlinson, 121 Mo. 487; Blondeau v. Sheridan, 81 Mo. 545,

47 Mo. App. 460.  (5) "Where a covenant of warranty is violated by a decree declaring title in another, the cause of action on the covenant only accrues, and limitation commences to run, at the time of the rendition of the decree." Foshay v. Shafer (Iowa), 89 N. W. 1106. (6)  Neither possession nor title is such a breach of a covenant of seizin as can be enforced by a grantee long after the execution of the covenant. Adkins v. Tomlinson, 121 Mo. 487.

*Davis & Steele* for respondents.

(1)  The petition declares only on the covenant of seizin, which is a personal covenant; it is in the present tense, and if broken at all it is broken at the moment of of its creation, and it is immediately converted into a mere chose in action, which is incapable of running with the land; the breach extinguishes the covenant. Chambers' Admr. v. Smith's Admr., 23 Mo. 178. Covenant of seizin and right to convey is a general covenant that the grantor is lawfully seized, and had a right to convey at the time of the conveyance. If the grantor is not then possessed of the legal title, and is not in possession of the premises, the covenant is broken as soon as made, and the grantee, and no one else, may at once bring an action for the breach. Tiedeman, Real Prop., sec. 850, and cases cited under note 4; 3 Washburn, Real Property (4 Ed.), 457; White v. Stevens, 13 Mo. App. 246. (2) The position of appellant that the petition declares upon both covenant of seizin and general warranty, if true, places him in no better position for it does not then state a cause of action.  Covenants of warranty and quiet enjoyment relate to the possession and there must be an eviction to constitute a breach of either. Unless there has been an eviction of the grantee there is no breach of either the covenant of warranty or for quiet enjoyment. 8 Am. and Eng. Ency. Law (2 Ed.), 98;  Barlow v. Delaney, 40 Fed. 97.  The petition stating that Cartwright purchased the true title in August, 1897, and en-

tered into possession and that plaintiff purchased in July, 1898, shows that plaintiff was never evicted. Where neither title nor possession passes with the deed, the grantor's covenant of warranty does not attach to the land and run with it, and he, therefore, is not liable to an action by an assignee of his grantee for a breach of such covenant. 8 Am. and Eng. Ency. Law (2 Ed.), 149. (3) The petition states that no title, possession or any interest, passed by the Allen & Bayless deed to W. A. Stilley. The land was in possession of no one—raw, uncultivated land. This being true, the constructive possession was in the true or legal owner and appellant was never evicted. Therefore, no one but Stilley could sue the defendants in this case. In other words, each grantee could sue his immediate grantor only unless some title passed or possession was taken under the deed which, it is alleged, was not done in this case. White v. Stevens, 13 Mo. App. 246; Barlow v. Delaney, 40 Fed. 97; 3 Washburn, Real Prop. (4 Ed.), 128. (4) A subsequent grantee can not maintain a suit against the first grantor, unless he had some title, estate or possession of the land granted. The reason seems to be that the grantor, in such case, has no estate in the land sufficient to carry with it his covenant down the line of successive grants. Beddoe v. Wadsworth, 21 Wend. 124; Wyatt v. Dunn, 93 Mo. 463; Martin v. Gordon, 24 Ga. 533; Mygatt v. Coe, 152 N. Y. 457. (5) In the case of Adkins v. Tomlinson, 121 Mo. 487, the action was between the immediate parties to the deed, and does not announce a contrary doctrine to the one contended for by respondents; in fact, it supports our position. The deed in question is not a general warranty, and was clearly not intended to be by the parties to it. Appellant has a complete remedy by an action against his immediate grantor, but he has no right—taking for granted what he says in his petition to be true, for the purpose of demurrer—to sue these respondents.

GANTT, J.—This is an appeal from a judgment of the circuit court of Barry county, Missouri, sustaining a demurrer to the petition of the plaintiff and rendering final judgment thereon for the defendant. The appeal in the first instance was taken to the St. Louis Court of Appeals and the judgment of the circuit court affirmed, but one of the judges of the said court being of the opinion that the judgment of the court was in conflict with a prior decision of the said court, it was ordered that the cause be certified to this court for determination under the provisions of the Constitution. The facts of the case fully appear in the opinion of Judge GOODE in the St. Louis Court of Appeals. The opinion is as follows:

"On February 1, 1893, John Bayless, Thomas Allen and their wives, executed a deed to W. A. Stilley, which purported to convey the title to certain lands in Barry county, Missouri, to the grantee Stilley. The granting clause in the deed recites that the grantors 'do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, his heirs and assigns the following lots, tracts and parcels of land,' describing the same. Following the description is a habendum clause of the following tenor: 'To have and to hold the premises aforesaid unto said party of the second part and unto his heirs and assigns forever; that the said premises are free and clear of any incumbrances done by them and it is expressly understood in this conveyance and in the covenants herein that the grantors will warrant and defend the title to said premises unto the said party of the second part and unto his heirs and assigns forever against the lawful claims and demands of themselves, their heirs, or those through whom they claim, except for taxes to become due.'

"After Stilley bought the land it passed by mesne conveyances, mostly in the nature of general warranty deeds, to the plaintiff Miller, who acquired the title July 11, 1898.

"Miller instituted this action February 5, 1902, on the covenants contained in the deed made by Bayless and Allen to Stilley. The court sustained a demurrer to the petition, the plaintiff refused to plead further, final judgment was entered on the demurrer in favor of the defendant, from which judgment the cause was appealed to this court.

"The petition states the execution of the deed containing the covenants in question and alleges that it contained the covenants implied from the words 'grant, bargain and sell' and of general warranty; that by its terms the defendants covenanted that they were seized of an indefeasible estate in fee simple in the premises conveyed and had good right to convey the same; that Stilley paid one hundred dollars as a consideration for the land. Mesne conveyances are then stated which sufficed to pass whatever title Stilley acquired to the plaintiff, the petition alleging that they also passed to the plaintiff the covenants of seizin and general warranty, so that these covenants became operative in favor of plaintiff.

"It is next averred that the said covenants were broken and violated by the defendants in this: that defendants did not have the legal right to the premises at the date of their conveyance nor the right to the possession nor the possession thereof; but that the land was then in a raw, uncultivated state, in the possession of no one, and remained in this condition until August, 1897, when one F. R. Cartwright purchased the outstanding title, which was held by T. J. Corpeny at the date of said conveyance by the defendant.

"The petition avers that Cartwright, after purchasing the land, immediately entered into possession and excluded the plaintiff from possession under a better title to said premises held by him than plaintiff had or then had been derived from the defendants.

"The petition avers that at the date of the execution and delivery of the deed to Stilley containing the

covenants sued on, defendants did not own the land, but that the title was then outstanding in the heirs of one Turner; that Cartwright, at the date of his entry into possession in August, 1897, entered and claimed the land under a superior outstanding title, which existed at the date of the conveyance executed by the defendants; but that until the entry of Cartwright no claim was made to said premises under the paramount title nor was there an eviction of the plaintiff or his grantors from the premises. The damages which plaintiff sustained by reason of the alleged breach of the covenants are then stated, and judgment prayed for their amount.

"The demurrer filed by the defendants states two grounds: that the plaintiff had no capacity to sue; that the petition does not state sufficient facts to constitute a cause of action against the defendants.

"The deed executed by the defendants to Stilley was called for in the petition, attached as an exhibit to it in appellant's abstract of the record and is treated by both parties in their briefs as being before this court for its consideration in determining the propriety of the judgment of the circuit court.

"Plaintiff's petition, taking the view most favorable to him, counts on covenants of seizin and of general warranty. The covenant of warranty actually contained in the deed, which we have recited above, is a special and not a general warranty and bound the defendants to warrant and defend the title to the premises conveyed only against the claims and demands of themselves, their heirs or those through whom they claimed. Inasmuch as the failure of plaintiff's title was due, according to the petition, to a paramount title superior to that of the defendants' and was not due to any act of the defendants, their heirs or other persons claiming under them, no breach of the special covenant of warranty is stated.

"It has been determined in this State and by this

court, as well as by courts elsewhere, that the statutory covenants raised by the words 'grant, bargain and sell' when used in a conveyance of land, are not restricted in their scope by an express covenant of special warranty, if the latter made no reference to the former covenants, nor is coupled with them in such a way as to modify their ordinary effect.

"Speaking for myself, I must say that the reasoning on which such decisions are based is not entirely satisfactory, inasmuch as the words 'grant, bargain and sell' constitute the ordinary formula for the conveyance of real estate and are generally employed mechanically in writing conveyances; whereas a covenant of special warranty, restricting the liability of the grantor to the hostile acts and demands of designated individuals, clearly bespeaks an intention on the part of the grantor to decline the responsibility for adverse demands of titles made or held by persons not designated. But the rule is settled the other way in this State as well as in other states, and we would have to regard it as binding on us in a case falling within its scope. [Tracy v. Greffet, 54 Mo. App. 562; Rowe v. Heath, 23 Tex. 614; Brown v. Tomlinson, 2 G. Greene (Iowa) 525; Gratz v. Ewalt, 2 Binn. (Pa.) 98; Funk v. Voneida, 11 Serg. & R. 111; Roebuck v. Dupuy, 2 Ala. 541; Stewart v. Anderson, 10 Ala. 504; Winston v. Vaughan, 22 Ark. 72; Prettyman v. Wilkey, 19 Ill. 235.] The contrary rule seems to have been adopted in Mississippi. [Weems v. McCaughan, 7 Sm. & Marsh. 427; Bush v. Cooper, 26 Miss. 599.]

"The doctrine of the courts is that general covenants whether they be expressed on the face of the deed or raised by implication of law from the words 'grant, bargain and sell' are not restricted in their operation by limited special covenants unless the different covenants are so irreconcilable that they cannot all have their full force, or unless the limited covenant refers to or is connected with the general covenants in such a manner

as to show the intention of the grantor was to restrain the force and effect of the general covenants. [Alexander v. Schreiber, 10 Mo. 460, a case in which a number of authorities on the subject are examined.]

"But it is also the law however general and far-reaching the force of any covenant (whether expressed in the conveyance or implied by the law) might be if it stood alone, if it is connected with restrictive language in the deed which shows clearly that the grantor intended to qualify and limit his responsibility on the covenant below its usual sense, the operation of the covenant will be determined, not in its usual sense, but from the entire contents of the deed. This simply means that the intention of the parties to an instrument is gathered from its four corners, and when thus gathered will be enforced; and it may be said that that rule of construction is now as applicable to conveyances of land as to any other sort of contracts and is no longer hampered by those ancient rules which made the different clauses of a deed depend on whether they preceded or followed each other in the instrument, rather than on the plain intention of the parties. [Gainsford v. Griffith, 1 Saund. 60; Foord v. Wilson, 8 Taunton 543.] In the first of those two decisions in considering when a special covenant restrained a general one, it was said: 'Every case must depend on the particular words used in the instrument before the court and the jurisdiction will be found to be very nice and difficult.'

"The rule that covenants are taken most strongly against the covenantor is reversed in the case of statutory covenants because they are implied and are in derogation of the common law. [Douglass v. Lewis, 131 U. S. 75.]

"Many of the authorities on the question of whether a special covenant embraced with general ones in a deed will control the operation of the latter, are collected in Rawle on Covenants of Title (5 Ed.), sec.

287, et seq., to which, without reviewing the cases, we refer. We do not review them because, in our opinion, the clauses of the deed before us leave no doubt that the implied statutory covenants are to be restrained by the special warranty, and for this reason: the latter expressly refers to the former and undertakes to confine their operation. The special warranty stipulated that *'It is expressly understood in this conveyance and in the covenants herein,* that the grantors will warrant and defend the title to the premises conveyed against the lawful claims of themselves, their heirs and those through whom they claim.' If the implied covenants are taken to be of unlimited and unrestrained operation, no force whatever can be given to the words of the special warranty that 'it is expressly understood in this conveyance and *in the covenants herein.'* Those words 'covenants herein' must refer to the implied covenants and limit their operation; for the deed contains no other covenants to which they can refer. The meaning of the instrument, considered as a whole, is that the grantors refused to bind themselves by general covenants, but restricted their liability; and it is to be interpreted as a special warranty deed without general covenants. In its reference to the other covenants, that warranty in this instrument differs from those construed in Tracy v. Greffet, 54 Mo. App. supra, and in the cases on which that decision was based, each of which warranties contains no such reference, but was an isolated obligation independent of the rest of the deed.

"As no breach of the covenants, when correctly understood, was stated in the petition, the demurrer was rightly sustained and the judgment is affirmed."

It is unquestionably the law of this State, as stated by Judge Goode in his opinion, that general covenants in a deed of conveyance, whether they be expressed on the face of the deed or raised by an implication from the use of the words "grant, bargain and sell," as provided by section 907, Revised Statutes 1899, are not

restricted in their operation by special covenants, unless the different covenants are so irreconcilable that they cannot all have their full force, or unless the limited covenant refers to or is connected with the general covenants in such a manner as to show the intention of the grantor was to restrain the force and effect of the general covenants. The law was so announced in Alexander v. Schreiber, 10 Mo. 460; Shelton v. Pease, 10 Mo. 474. The majority opinion of the Court of Appeals fully recognizes the foregoing statement of the law in this State, but in its application to the covenants in the deed on which this action is based, the court held that the particular language of the special warranty limited the general covenants implied by the words "grant, bargain and sell," and we think correctly. The opinion in our judgment is in no conflict with the decision of the Court of Appeals in Tracy v. Greffet, 54 Mo. App. 562. For the reason given by Judge Goode in his opinion, the judgment of the circuit court is affirmed.

All concur.