Wright v. Boram.

AMANDA J. WRIGHT, Appellant, v. ROBERT BORAM, Respondent.

Springfield Court of Appeals, June 17, 1915.

1. **COVENANTS: General: Special: Construction.** General covenants are not restricted in their operation by limited special covenants unless the covenants are so irreconcilable that all cannot have their full force, or unless the limited covenant refers to or is connected with the general covenant in such a manner as to show that the intention of the grantor was to restrain the force and effect of the general covenants.

2. ———: **Deeds: Warranties: General Warranties.** A warranty deed contained the statutory words (Sec. 2793, R. S. 1909) "grant, bargain, sell, convey and confirm;" the habendum clause being, "To have and to hold the premises aforesaid . . . unto the said party of the second part and unto her heirs and assigns forever, . . ; the said R. B. and E. B. hereby covenanting that they will warrant and defend the title to the said premises against all persons claiming by, through or under them. There are no liens or taxes against the aforesaid land and taxes for 1904 and previous years are paid." *Held* to be a deed of general warranty.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*L. O. Nieder, G. W. Goad* and *J. P. Swaim* for appellant.

*S. A. Cunningham* and *Lincoln & Lincoln* for respondent.

ROBERTSON, P. J.—Plaintiff alleges in her fifth amended petition upon which the cause was tried that she bought 360 acres of land from defendant in Shannon county; that on account of the fraud and deceit of the defendant she was induced to and did accept a special warranty deed therefor and a defective abstract of title, whereas the defendant agreed to execute a general warranty deed and to furnish an abstract of title to said land showing no liens or encumbrances thereon; that by reason thereof she brought suit to quiet her title to said land in which she expended in court costs and attorney's fees the sum of $287.60 for which judgment was sought. The defendant answered by general denial, a plea of the Statute of Limitations and other special defenses. The action was commenced in Shannon county, a change of venue taken to Greene county where a trial without a jury was had and at the close of the testimony the court, at the request of the defendant, gave a so-called declaration of law to the effect that under all of the pleadings and evidence the plaintiff was not entitled to recover and rendered judgment for the defendant. The plaintiff has appealed.

What is termed the declaration of law has no more legal effect than a general judgment for the defendant. It presents no other issues for our consideration than does such a judgment, as under such declaration we can inquire into only the question as to whether there is any substantial testimony tending to support the judgment and whether the record proper is sufficient therefor.

190MA22

There are numerous technical points upon which this judgment should be affirmed, but we have concluded to pass over them and dispose of the appeal upon the merits of the case. The warranty deed which the plaintiff contends is a special one, but which the defendant asserts is general, contains in the granting clause thereof that the grantors, the defendant and his wife, "do by these present, grant, bargain and sell, convey and confirm." The habendum clause is as follows: "To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in anywise appertaining, unto the said party of the second part, and unto her heirs and assigns forever; the said Robert Boram and Elizabeth Boram hereby covenanting that they will warrant and defend the title to the said premises against all persons claiming by, through, or under them; there are no liens or mortgages against the aforesaid land, and taxes for 1904 and previous years are paid." The defendant to maintain his contention that this is a general warranty deed cites Tracy v. Greffet, 54 Mo. App. 562; Alexander v. Schrieber, 10 Mo. 460; Collier v. Gamble, 10 Mo. 467, 471, and Miller v. Bayless, 194 Mo. 630, 92 S. W. 482, approving the opinion in the *Tracy case*. The *Alexander case* involved the effect of what is now section 2793, Revised Statutes 1909 upon a deed which contained the usual covenant of general warranty. The *Collier case* involved a right of action in an assignee. All of the cases cited by defendant are in harmony upon the proposition "that general covenants whether they be expressed on the face of the deed or raised by implication of law from the words 'grant, bargain and sell' are not restricted in their operation by limited special covenants unless the different covenants are so irreconcilable that they cannot all have their full force, or unless the limited covenant refers to or is connected with the general covenants in such a manner as to show the intention of the

grantor was to restrain the force and effect of the general covenants.'' [*Miller case,* p. 637.] In the *Tracy case* the habendum clause of the deed there under adjudication did not refer to the operative statutory words in any manner or undertaking to contradict or limit their legal effect and it is there held that the deed is a general warranty deed because the deed does not recite in the habendum clause that the preceding covenant of title as against the world should not be further binding than as in said clause covenanted. In the *Miller case* (see same case, 101 Mo. App. 487, 74 S. W. 648) it is held that in the deed there involved the habendum clause specifically limited all covenants in the deed, expressed and implied to those contained in the habendum clause. The *Tracy case* is noticed at page 639. Applying the rule of construction established by those cases, the deed in the *Tracy case* being almost identical to the one here involved, we hold that plaintiff received what she alleges her contract called for, a general warranty deed, and, therefore, no fraud was practiced on her in this regard.

It is not claimed that the covenant against liens and mortgages has been violated, neither was there any testimony offered tending to show in what manner the plaintiff claims to have suffered any damage by reason of receiving a defective abstract. There is testimony to the effect that the plaintiff claimed to have discovered a defect in her title as shown by the abstract, but what those defects are is not disclosed nor was it possible for the trial court to determine from the testimony whether there was any necessity for the litigation, the cost and expenses of which plaintiff claims constitutes her measure of damages, hence, we cannot say that the trial court erred in holding that the plaintiff could not recover on account of the alleged misrepresentations as to the abstract.

The testimony is in conflict on the question of the alleged actual fraud and deceit practiced by the de-

fendant, if there is any substantial testimony at all on the question, and since the trial court found in favor of the defendant we cannot disturb the judgment.

It is affirmed. *Sturgis* and *Farrington, JJ.,* concur.