MACKLIN v. SCHMIDT *et al., Appellants.*

104    361
141    120

104    361
e94a   214

#### DIVISION TWO.

The Title to the Land in controversy in this case having been passed on in· *Macklin v. Allenberg*, 100 Mo. 337, and no reason appearing for disturbing the ruling therein, the judgment in that case is affirmed.

*Appeal from St. Louis City Circuit Court.*—HON. J. A. SEDDON, Judge.

REVERSED AND REMANDED.

*D. T. Jewett* for appellants.

*T. J. Rowe* for respondent.

GANTT, P. J.—This is an action of ejectment for the possession of a lot of land and improvements thereon in St. Louis, situated on the north line of Madison street, twenty-three feet front and one hundred and seven feet and six inches deep.

Patrick Macklin, the father of the plaintiff, is the source of title under which plaintiff and defendants claim, so no controversy is made as to his title. The plaintiff claims under a chain of deeds, starting from said Patrick Macklin. The defendants do not deny but what said deeds were made and recorded as they purport to have been. Therefore, under said deeds, the plaintiff makes out an apparent chain of title. But none of those deeds, except the one by Macklin and wife to her trustee, dated May 13, 1873, antedates the chain of title under which defendants claim.

On the thirteenth day of May, 1873, Patrick Macklin and wife conveyed said land to L. Haydell, as trustee, for the sole use and benefit of Mrs. Ann Macklin, wife of said Patrick. On the ninth of December, 1873, one Ferguson recovered a judgment for debt against said Patrick Macklin, upon which execution was issued, and the sheriff of St. Louis county seized said land on said execution and sold it at auction, in due form of law, on the seventeenth day of February, 1874, to Michael Kinealy. The sheriff's deed to Kinealy was duly recorded in St. Louis city and county on the twenty-third day of February, 1874. On the same day (February 23, 1874), Michael Kinealy commenced an

action in his name in the St. Louis circuit court against said Patrick Macklin, his wife, Ann, and her trustee, F. L. Haydell, averring fraud and want of consideration in said conveyance of Macklin and wife to her trustee, Haydell, and asking to have said conveyance declared null and void, and to have the same set aside and the title to said land vested in him, said Kinealy, by virtue of his purchase of the same under said sheriff's sale and deed. The suit was entered at the April term, 1874, of said court, and, on the same day, it was commenced, a notice of the same was duly filed in the recorder-of-deed's office in St. Louis, and duly recorded. A copy of these papers is in the record of the case.

Said suit was prosecuted in said circuit court to final judgment, and, on the eleventh day of October, 1878, a judgment was rendered by said court in favor of said Kinealy and against said Patrick Macklin and wife and her said trustee, Haydell, by which judgment and decree the said deed made by said Patrick Macklin and wife to said Haydell, on the thirteenth of May, 1873, was declared "to be null and void, and of no effect against said Kinealy, and that all right, title and interest or estate which the defendants had or claimed to have on the ninth of December, 1873, be and was thereby vested in said Kinealy, and that said Kinealy be put in possession of said lands, and that a writ of possession issue for that purpose." A copy of this decree was filed and recorded in the registry of deeds for St. Louis on the twenty-ninth of January, 1879, and a copy of the same is in the record.

A bill of exceptions was filed and allowed on the twenty-fourth of November, 1878, but no appeal was ever taken or allowed at any term of said court.

On the tenth of December, 1878, after the term of the court at which judgment was rendered had elapsed, a writ of possession was taken out, and on the first day of February, 1879, the sheriff formally delivered possession of said property to Michael Kinealy ; a copy of

the execution and officer's return thereon are in the record.

On the fifth day of March, 1879, Michael Kinealy borrowed of defendant Sanderson the sum of $2,000, and gave his deed of trust on said property to secure the payment of the same in three years, with interest notes. J. W. Sutherland, as agent of the Sandersons, loaned the money, and was trustee in the deed. The deed of trust was recorded on the eighth of May, 1879. A copy of the deed is in the record.

Kinealy failed to pay the principal note and part of the interest notes, and on the tenth day of May, 1883, the said trustee, having duly advertised the same, sold said property at auction to Mrs. M. A. Sanderson, one of the defendants, and wife of defendant, Dr. Sanderson. Said trustee's deed was duly executed on the nineteenth of May, 1883, and recorded in the city of St. Louis on the twenty-second day of May, 1883. Said deed of trust is in the record. The defendants Sanderson immediately went into possession of the property, by their tenants, and have been in possession from the date of their deed to the present time. This is the defendants' case.

The plaintiff's chain of title claimed is, first, as I have said, a series of deeds, starting from Mrs. Macklin and her trustee, down to the plaintiff, a daughter of Mr. and Mrs. Macklin. But no deed by Mrs. Macklin and her trustee, Haydell, was ever made till long after Kinealy had brought his action and filed his notice of *lis pendens* in the office of the recorder of deeds.

In addition to their chain of deeds, plaintiff puts in evidence the following facts: On the first day of March, 1880, the said Patrick Macklin and wife and her trustee, Haydell, sued out of the court of appeals their writ of error to the circuit court, in the case of Michael Kinealy against said Macklins and Haydell, returnable to the October term, 1880, of the court of appeals. This was more than one year after final

judgment in the said suit, and one year within a few days after the money had been loaned by defendants to Kinealy. This writ of error was duly prosecuted before the court of appeals, and the judgment of the circuit court affirmed by said court. The defendants, Macklin and Haydell, then appealed from the decision of the court of appeals to this court, which, at the April term of this court, 1886, reversed the judgment of the court of appeals and dismissed the bill. The opinion is found in 89 Mo. 433.

The records of that case, showing the writ of error was sued out, prosecuted, and the judgments and mandate of this court, reversing the judgment of the court of appeals and dismissing the bill, were put in evidence by plaintiff, and are in the records of this case. There was some evidence also put in by each side as to the rental value of the property. The foregoing is all the evidence in the case.

From the foregoing statement, it will be seen that the title to the premises in suit is traced through the same conveyances and decrees that were passed upon and determined by this court in *Macklin v. Allenberg*, 100 Mo. 337. We see no reason for disturbing the conclusion reached in that case, satisfied as we are that it announces the correct rule.

Upon the authority of that case, then, the judgment of the circuit court of the city of St. Louis is reversed, and the cause remanded. All the judges of this division concur.