THE STATE OF MISSOURI ex rel. AMELIA HIRSCH, Plaintiff in Error, v. I. SILVERSTEIN & COMPANY et al., Defendants in Error.

Kansas City Court of Appeals, December 5, 1898.

1. **Appellate Practice**: DISMISSING APPEAL AND SUING OUT A WRIT OF ERROR: SECOND WRIT. Where appellant fails to file a transcript in the appellate court and the respondent fails to bring a certified copy of the judgment and have it affirmed, appellant may dismiss the appeal and sue out a writ of error; and when that is dismissed for failure to comply with the rules of court, he may sue out a second writ of error.

2. **Justices' Courts**: JURISDICTION: INTERPLEA FOR ATTACHED PROPERTY. A justice of the peace has jurisdiction to hear and determine an interplea for property seized in an attachment from his court.

3. **Appellate Practice**: VERDICT: WANT OF JUDGMENT: EVIDENCE. Where on a trial of an interplea in an attachment suit and before a justice of the peace there is a verdict for the interpleader but no judgment, except the judgment in the attachment against the plaintiff for cost, the verdict for the interpleader can not be taken as a judgment; but where such verdict and such judgment are admitted without objection in an action for damages on the attachment bond by the interpleader, no objection will be allowed in the appellate court.

4. **Attachment**: INTERPLEADER: DAMAGES: ATTORNEYS' FEES. In an action on an attachment bond by a successful interpleader, he is entitled to damages as broad as would be allowed a defendant who defeats an attachment, and, therefore, to recover attorneys' fees in prosecuting his interplea.

*Error to the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

GERSON B. SILVERMAN for plaintiff in error.

(1) On incidental expenses, hotel, railroad, telegrams, depositions, delays, loss of time and services, and all necessary losses and delays and damages by reason of the attachment. State ex rel. v. McKeon, 25 Mo. App. 667, 679 and cases cited. (2) On attorney's fees. State ex rel. v. Lumber Co., 70 Mo. App. 663, and cases cited.

BENJAMIN PHILLIP for defendants in error.

(1) The appellant failed to file her transcript upon appeal within the time prescribed by law, and she therefore had no right to dismiss her appeal after the rights of these defendants in error to an affirmance under the statute had accrued. The first writ of error sued out herein was not voluntarily dismissed by the plaintiff in error, but was dismissed by this court upon a hearing for failure to comply with the rules which it has promulgated. We contend that the judgment of this court dismissing said writ of error for said reasons is a final judgment which precludes the issuing of another writ. This question has never been passed upon by the courts of this state. (2) It is elementary that in order to recover damages upon an attachment

bond the interpleader must both plead and prove that she has obtained a final judgment in her favor in the interplea from which no appeal has been successfully taken. It is no judgment at all upon the interplea. It fails entirely to sustain the allegations in appellant's petition, and she is not entitled to recover. Vineyard v. Barnes, 124 Ill. 346, loc. cit. 350; Munding v. Michael, 2 Ohio Dec. 158; Thomas v. Irwin, 90 Ind. 552; 4 Am. and Eng. Ency. of Law [2 Ed.], 696, note 1; State ex rel. v. Baker 26 Mo. App. 403; Abbey v. Searless, 4 Ohio St. 598; Bary v. Saaman, 13 Neb. 518; Krenshi v. Dehler, 50 Ill. 177. Judgments and not verdicts rule causes. Thomas v. Irwin, 90 Ind. 552, loc. cit. 559. (3) Has a justice of the peace jurisdiction in an interplea where the property seized is attached by direct levy, and not impounded by garnishment? This question has never been decided by the courts of this state, but upon principle a justice of the peace has no such jurisdiction. An interplea in an attachment suit is a remedy conferred by the statute, and it must be limited to the cases in which it is authorized by law. It does not exist independently of the statute. Gordon v. McCurdy, 26 Mo. 304; Dillard v. Railroad, 58 Mo. 69, loc. cit. 74; R. S. 1889, sec. 572; art. 2, pp. 231-234; R. S. Ill. 1889, p. 123 et seq.; R. S. Ill. 1883, sec. 29, p. 130; R. S. Ill. sec. 56, p. 136; Stafford v. Scroggins, 43 Ill. App. 48; R. S. 1845, p. 149, sec. 39; Gordon v. McCurdy, 26 Mo. 304; R. S. Mo. 1845, p. 163, secs. 34, 35. (4) Inasmuch as plaintiff is not entitled to recover at all, for the reasons heretofore stated, the error of the court, if it is an error, is not material. But, with due deference to this court, we suggest that the Kerns case under the doctrine laid down by the supreme court of this state, should not be followed. R. S. 1889, secs. 527, 588; Mix v. Kentner, 81 Mo. 93-97.

ELLISON, J.—This is an action for damages by an interpleader in an attachment suit before a justice of the peace on the attachment bond given in that suit. The judgment below was for $11 in favor of plaintiff and she has sued out a writ of error, complaining of unfavorable instructions given by the court.

1.  We are asked to dismiss the writ on the ground that the case was appealed in time to be returnable to the October, 1897, term of this court, but that plain-

APPELLATE and trial practice: dismissing appeal and suing out a writ of error: second writ.

tiff did not file a transcript of the record here until the twenty-second day of January, 1898; and that on the twenty-fourth day of January, 1898, she dismissed the appeal and on the next day sued out a writ of error returnable to the March term, 1898, of this court. That said writ of error was dismissed by this court on account of plaintiff's failure to comply with the rules of the court. That thereafter on the twenty-second day of August, 1898, the present writ of error was sued out.

We are of the opinion that the writ ought not to be dismissed. When plaintiff failed to file a transcript of the record on her appeal for the October, 1897, term of this court, defendants had a right to bring up a certified copy of the judgment with the order granting the appeal, etc., and have it affirmed. But defendants did not exercise such right. Plaintiff afterwards filed her transcript of the record, dismissed her appeal and sued out a writ of error as she might legally do. She then failed to comply with the rules of court as to briefs, abstracts, etc., and the writ was dismissed. This did not preclude from taking out a new writ. The penalty upon her was payment of costs. The new writ of error was a new suit and may in this respect be

likened to the dismissal of a case in the trial court and beginning anew.

2.   Defendants contend further that plaintiff could not rightfully maintain this suit and therefore the judgment below instead of being in her favor for the aforesaid small sum, should have been against her altogether.   The ground of this contention is that a justice of the peace has no jurisdiction of an interplea where the property in dispute has been seized by the constable by a direct levy and seizure.   That the justice only has jurisdiction of an interplea when the property has been held by garnishment in the hands of a garnishee.

JUSTICES' courts: jurisdiction: interplea for attached property.

We do not consider the point well made.   By the express terms of section 572, Revised Statutes 1889, an interplea may be filed for attached property in causes arising in the circuit court; and by the terms of section 604 of the same statute, "the provisions of law governing attachments in courts of record shall apply to attachments before justices of the peace so far as the same may not be inconsistent with the provisions which are specially applicable to the latter."   One of the provisions of law governing attachments in the circuit court is a right to interplead for the property attached. The justice's jurisdiction has, by this, the express sanctum of the statute.   Such is unquestionably the understanding of the bar, and such was undoubtedly the thought of the supreme court in Mills v. Thomson, 61 Mo. 415; and of this court in Engine Co. v. Glazier, 55 Mo. App. 95, though the point now made was not before the court and was not considered in either of those cases.   In the former Judge SHERWOOD, by inadvertence, makes the misstatement that the same section of the statute which allows an interplea before the circuit court allows it before a justice of the peace. He refers to section 52, page 192, Wagner's Statute, but

State ex rel. v. Silverstein & Co.

that statute is identical with the present statute. But the opinion in that case is necessarily based on the assumption that the justice had jurisdiction.

We can not discover any relevancy to the question in sections 5226, 5256 and 5258 of the statute relating to interpleas in garnishment proceedings.

3. It is next contended by defendant that plaintiff ought not to have recovered at all, on the ground that there is no judgment on her interplea in the circuit court where it had been taken on appeal, awarding her the property. The records show the trial, a verdict for the interpleader and a judgment as follows: "It is therefore by the court considered that the plaintiff take nothing by his writ, that the defendant go thereof without day, and recover of plaintiff his costs in this behalf expended, and have thereof execution." From this it appears that there was no judgment rendered in favor of this plaintiff as the interpleader in that cause. The verdict in her favor was not a judgment for her. She seems to have been omitted in entering the judgment and we can not substitute a verdict merely for both a verdict and judgment. Thomas v. Irvin, 90 Ind. 557; Vineyard v. Barnes, 124 Ill. 346.

*APPELLATE practice: verdict: want of judgment: evidence.*

But it appears from the record that the foregoing verdict and judgment was received in evidence without objection from defendants. No point was made on it when offered, or afterwards. It ought not to be allowed now.

4. The court below took the view that plaintiff could not recover attorneys' fees in prosecuting her interplea. This was ruled adversely to such view in State ex rel. v. Lumber Co., 70 Mo. App. 663. She should be permitted to recover all damages which necessarily resulted by reason of the attachment. She should, as a

*ATTACHMENT: interpleader: damages: attorneys' fees.*

successful interpleader, have a measure of damage at least as broad as that allowed a defendant who defeats an attachment. The judgment will be reversed and caused remanded. All concur.