Burdick v. Security Life Ass'n.

MARY L. BURDICK, Respondent. v. SECURITY LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, December 3, 1900.

1. **Appellate Practice: FILING BILL OF EXCEPTIONS: EXTENDING TIME: RECORD PROPER.** The recitals of the bill of exceptions in relation to leave to file the bill or the extension of the time for filing the same can not take the place of, or supply the record proper in that regard; much less can the certificate of the clerk supply the record proper.

2. ———: ———. If the bill of exceptions is filed out of time, it can not be noticed in the appellate tribunal.

3. ———: ABSTRACT: APPEAL DISMISSED. Where there is no bill of exceptions and the pleadings and judgments are not set out or epitomized in the abstract, the appeal must be dismissed.

Appeal from the Livingston Circuit Court.—*Hon. E. J. Broaddus*, Judge.

APPEAL DISMISSED.

*Frank Miller* and *Scott J. Miller* for appellant.

Brief filed on merits.

*Crosby Johnson, John E. Wait* and *Sheetz & Sons* for respondent.

(1)   The record does not show that the bill of exceptions was ever filed, or filed in time, and the judgment should

be affirmed. (2) There is no record in this cause in this court, and the judgment should be affirmed.

SMITH, P. J.—This case was here on defendant's appeal at the October term, 1898, when the judgment was reversed and the cause remanded. 77 Mo. App. 629. There has been a re-trial of the cause since then, resulting again in judgment for plaintiff, to reverse which the defendant again has appealed. The action was on a life insurance policy and the error assigned by the defendant for a reversal of the judgment is the action of the trial court in refusing an instruction declaring it, defendant, to be an assessment insurance company doing business upon the plans provided in article 3, chapter 89, Revised Statutes 1889.

But the plaintiff insists that it is not disclosed by the abstract of the record that there was any bill of exceptions allowed or if so that the same was not filed within the time required by law or the order of the court. The concluding paragraphs of the supposed bill of exceptions are as follows:

"Whereupon on the same day, it being Saturday, January 20, 1900, and while said court was still in session, the defendant files his affidavit in appeal to the Kansas City Court of Appeals, which being adjudged sufficient by the court, said appeal was granted, and defendant has ten days in which to file appeal bond in the sum of eighteen hundred ($1,800) dollars. Whereupon on the same day, it being Saturday, January 20, 1900, the court doth give the defendant until the first day of the May term of court, 1900, in which to file his bill of exceptions.

"Inasmuch as these matters and things do not appear in the record proper, comes now the defendant and presents to the court his bill of exceptions, and prays the court to sign and seal the same and make the same a part of the record

proper, and cause the same to be put upon the files of this court; which is done this eleventh day of August, 1900, and within the time allowed by the court for the filing of the same.                              E. J. Broaddus,

"Judge Seventh Judicial Circuit."

This is followed by a certificate of the clerk to the effect that the bill of exceptions was filed in his office on the eleventh day of August, 1900. The abstract does not set forth the pleadings nor judgment, nor any entry from the record proper nor any epitomy or statement of the substance thereof. The printed matter filed and entitled an "abstract" is not an abstract of the entire record nor does it purport to be such. It nowhere appears therefrom that the time for the filing of the bill of exceptions was extended by any order of the court in term or by the judge thereof in vacation. As has been seen, the bill of exceptions shows that the defendant was given until the first day of the May term, 1900, of the court in which to file it, but it further appears from both such bill and the certificate of the clerk that it was not filed until August 11, 1900, so that so far as anything appears from the bill of exceptions itself or the clerk's certificate, it was filed out of time.

There is a total absence of any record entry showing that the defendant had leave to file his bill of exceptions at any time or that the time for filing had been extended by the order of the court or the judge thereof in vacation, or that it was ever filed. The recitals of a bill of exceptions to such effect can not take the place or supply the record proper. Butler County v. Graddy, 152 Mo. 441, and cases there cited.

But if the recitals in the bill of exceptions could take the place of the record proper, still, according to its recitals, no bill of exceptions was filed within the time required by the

court. It is true, the clerk has seen fit in his certificate to volunteer the statement that it was "filed within the time allowed by the court for filing the same," but as the certificate of the judge to the recitals in the bill of exceptions as to such matters will not supply the record proper, certainly that of the clerk will not.

Since the defendant's abstract, in any view that may be taken of it, shows that if the bill of exceptions was filed at all it was filed out of time it therefore can not be noticed by us. Lawson v. Mills, 150 Mo. 428.

In this condition of the record the appeal must be dismissed. Walser v. Wear, 128 Mo. 652. All concur.