MARY L. BURDICK, Defendant in Error, v. SECURITY
LIFE ASSOCIATION, Plaintiff in Error.

**Kansas City Court of Appeals, January 20, 1902.**

1. **Appellate Practice: DISMISSAL OF APPEAL: WRIT OF ER-
   ROR.**    Although his appeal has been dismissed, the appellant may
   thereafter prosecute a writ of error in the same cause.

2. **Life Insurance: WAIVER OF MISREPRESENTATION: APPEL-
   LATE PRACTICE: EVIDENCE.**    The finding below was for the re-
   spondent who asked no instructions.    Appellant's instruction ignored
   the question of waiver.    The court is uncertain and counsel differ
   as to whether the finding was based on the waiver of misrepresen-
   tations or on the facts that the defendant was a non-assessment com-
   pany.   *Held,* the court must go to the record.    On so doing it finds
   there was ample evidence to establish a waiver.

Error from Livingston Circuit Court.—*Hon. E. J. Broaddus,*
Judge.

AFFIRMED.

*Crosby Johnson, John E. Wait, E. R. Sheetz,* and *Frank
Sheetz* for defendant in error.

Vol 91 app—34

(1) Grady was a general agent with full powers, and yet with secret instructions, and therefore was fully authorized to waive forfeiture. Hamilton v. Ins. Co., 94 Mo. 354; Burnham v. Ins. Co., 56 Mo. App. 582; Ins. Co. v. Ins. Co., 62 Mo. 293. (2) The record fails to show that this defendant ever filed the premiums received, and the mere certificate of the clerk outside of the record is no evidence as a part of the record. Maddox v. Railroad, 73 Mo. App. 510. (3) A warranty of good health means that he is well as to outward observance. Gratten v. Metropolitan Life, 44 Am. Rep. 372; Goucher v. N. W. T. M. Ass'n, 20 Fed. Rep. 596; Swartzbach v. Ohio V. P. Union, 25 W. Va. 622; May on Ins. (1 Ed.), sec. 295. (4) In general life insurance the rule is that the acts and knowledge of agents binds the company. Hahn v. Ins. Co., 37 Am. St. 709; Fitzpatrick v. Ins. Co., 7 Am. St. 288; Parsons v. Ins. Co., 132 Mo. 584; Bowen v. Ins. Co., 69 Mo. App. 272; Ins. Co. v. Fordyce, 54 Am St. 305. A general agent can waive any provision of the policy notwithstanding any provision of the policy. Ibid and authorities cited and note. (5) The reception of premium after knowledge of disease waives forfeiture, and "void" in all such contracts means "voidable." A warranty of deceased that he had not certain diseases does not avoid policy if attacks are light. Northwestern M. Life v. Union Trust Co., 112 U. S. (S. C.) 250; Dreier v. Cen. Life, 24 Fed. Rep. 670; Benefit Ass'n v. Parks, 10 Am. St. 240.

*Frank Miller* and *Scott J. Miller* for appellant.

(1) Defendant is an assessment company and doing an insurance business in Missouri as such, organized as such under the Iowa laws controlling and authorizing the organizing of assessment insurance companies; accepted as such under the insurance supervisor of both States; operating under the by-laws and constitution authorizing the making of assessment on its mem-

bers, and as such should have been declared by the court, and instructions refused for the defendant, are reversible error. Toomey v. Lodge, 147 Mo. 136; Hansford v. Ins. Co., 122 Mo. 50; Whitmore v. Knights, 100 Mo. 36. (2) The application for membership is made a part of the policy and is part of the contract of insurance. Deceased in writing consented and agreed that any representations made by him were warranties, and if they were false, would forfeit the contract of insurance and the court trying the case so found. Hanford v. Association, 122 Mo. 50; Haynie v. Knights, 139 Mo. 416; Whitmore v. Knights, 100 Mo. 36. (3) The policy of insurance was void, because the warranties were untrue. Hanford v. Ins. Co., 122 Mo. 50; Whitmore v. Knights, 100 Mo. 36; Jeffries v. Ins. Co., 22 Wall. 47; McVey v. Ins. Co. 20 Atl. (N. J.) 873; Boyle v. Ass'n, 70 N. W. (Wis.), 349; Sweeny v. Ins. Co., 36 Atl. (R. I.) 9; Bacon on Benefit Societies, secs. 218-9; Cobb v. Ins. Co., 26 N. E. (Mass.) 230; Baumgart v. Ass'n, 55 N. W. (Wis.) 713; Boyle v. Ass'n, 70 N. W. (Wis.) 351; Society v. Reutlinger, 25 S. W. (Ark.) 835; Ins. Co. v. Ahrelger, 36 Pac. (Ar.) 895; Cobb v. Ins. Co., 26 N. E. (Mass.) 230; Wall v. Ass'n, 36 Atl. (Pa.) 748-752; Hanna v. Ass'n, 42 N. Y. Sup. 228; Phillips v. Ins. Co., 9 N. Y. Sup. 836.

ELLISON, J.—This action is based on a certificate policy of insurance. The plaintiff recovered in the trial court. The case has been before us on two former occasions (77 Mo. App. 629, and 86 Mo. App. 94). The defense has been and now is that the defendant is an assessment company and that it is therefore not within the provision of section 5849, Revised Statutes 1889, of the general insurance law providing that no false representations which did not produce the death shall be available as a defense. On this theory defendant pleaded and offered evidence tending to prove false representations by plaintiff as to his health and as to diseases with which

he had been afflicted. Plaintiff's theory may be said to be twofold: first, that this defendant is an old line company and not an assessment company; and second, that even though it be an assessment company, it has waived the right to insist upon the fraudulent representations aforesaid.

When the case was first here it was held by us in an opinion by SMITH, P. J., that defendant was an assessment company and therefore not within the provisions of the statute aforesaid. But that it was competent for plaintiff to show that defendant's general agent in this State waived any fraudulent representations set up in defense. The reasons leading to that conclusion are well stated in that opinion and need not be repeated here. It was, however, further held that there was not sufficient evidence of waiver, and the cause was remanded for another trial on that account. At the second trial plaintiff again prevailed and defendant again appealed, the appeal being dismissed by us on account of imperfect record as is shown by the opinion in the report last above cited. Thereupon defendant afterwards sued out a writ of error from this court bringing up a perfect record of the proceedings at the second trial. Plaintiff now asks that the writ of error be dismissed because an appeal had been granted and then dismissed: contending that an appeal and writ of error could not be had on the same record made at one and the same trial. We will overrule this motion. It has been our constant practice to permit the prosecution of a writ of error after the dismissal of an appeal, and we believe the bar generally has acquiesced in such view.

The defendant, then, at present stands before us as an assessment company with the right to defend on the ground of fraudulent representations, but with the accompanying right in plaintiff to show that it had waived such defense. Therefore, the only point for consideration is, whether the evidence tending to establish a waiver, wanting on the first trial, has been supplied on the second trial. An examination of the

record shows that additional evidence was offered and the finding of the trial court was probably based upon such evidence under the ruling made by us when the case was here on the first occasion. We have no certain means of ascertaining by the record upon what ground the trial court found for plaintiff, as no instructions were asked by her and all those asked by defendant were refused; all of them ignoring the question of waiver. Their refusal was justifiable on this ground. Defendant in submitting the case on the instructions seems to have utterly lost sight of that branch of the case. Plaintiff's brief and argument is based largely upon the ground that the court, assuming the defendant to be an assessment company, found there was a waiver by its agent. She makes that claim. Defendant, on the contrary, claims the court based its finding on the ground that it was not an assessment company. In these conflicting claims we can do no more than go to the record and there ascertain whether the finding and judgment can be upheld.

We are satisfied that it can, since there was ample evidence tending to establish a waiver of the conditions of the contract which otherwise might have been fatal.

The judgment is affirmed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.