MARY RUSOW, Appellant, v. CITY OF RICH HILL and ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.—30 S. W. (2d) 983.

Division One, September 4, 1930.

*Howell H. Heck* for appellant.

*D. C. Chastain* and *H. E. Sheppard* for respondent city.

*E. T. Miller, Henry S. Conrad, L. E. Durham* and *Hale Houts* for respondent railroad company.

ELLISON, C.—Action for $12,500 damages for personal injuries sustained by the plaintiff through slipping and falling as she passed over some stepping stones on Ninth Street in the city of Rich Hill at a point where the highway crosses the right of way of the St. Louis-San Francisco Railway Company, passing under a railroad bridge. The city and the railway company were joined as defendants. At the close of the plaintiff's case both interposed a demurrer to her evidence, which the trial court sustained. The plaintiff then took an involuntary nonsuit with leave to move to set the same aside, and judgment was entered accordingly. Thereafter she presently filed motions to set aside the nonsuit and for a new trial. These being overruled, she has appealed.

The respondents have filed here a motion to dismiss the appeal, and another to affirm the judgment below, for the reason that the appellant did not perfect an appeal within the time required by law. With the latter motion respondents have brought up a short-form transcript as provided in Section 1478, Revised Statutes 1919. The appeal was taken on May 28, 1926, and under Section 1478 was returnable to the October term, 1926, of this court, since it convened sixty days (and more) thereafter. The first day of that term was October 12 (Sec. 2379, R. S. 1919). Under Sections 1478 and 1479 and Rule 28 of this court the appellant was required to file her transcript of the record or judgment in the office of this court at least fifteen days before that date, which would have been on or before September 27. The transcript was not filed until October 5, nine days later. And although the appeal has been assailed by respondents' motions aforesaid, of which appellant had due notice, she has not made or attempted to make any showing whatever why her transcript was not filed within the required time, as she might have done under Section 1478. In these circumstances the appellant's dereliction cannot be excused or overlooked.

On the facts the case is hard. The appellant is a married woman over 77 years old. Her husband was more or less of an invalid and for years she had been used to hard work. She was returning from

church one Sunday noon in December, 1923, when she slipped and fell, receiving the injuries for which she sues. Among these, her leg was broken, there being a complete and painful fracture of the left femur about a third of the distance above the knee.

The 'Frisco Railroad runs east and west through Rich Hill and crosses Ninth Street on a trestle. Just north of the trestle a ditch extends across Ninth Street from west to east, paralleling the railroad, and thence, as we understand, turns south and passes under the railroad bridge. The ditch is from four to eight feet wide and about a foot deep. At one time a foot bridge had been constructed across the ditch, but it had disappeared some years prior to the accident. Thereafter a drain pipe was laid in the channel, but it filled up and the water was forced over and around it. Later some stones had been "thrown in there for people to drive and cross over on." There was no sidewalk on either side of the street, and pedestrians walked in the roadway, passing over the ditch on the stones.

The appellant's home was south of the railroad and the church was north of it. There were two other near-by street crossings over the railroad, both safe, one a block west and the other to the east, but the course along Ninth Street was a little shorter from appellant's home and she frequently used it. She had lived within two blocks of the place for twenty years and was thoroughly familiar with it.

Mrs. Rusow's account of how the accident occurred, on direct and cross-examination, and omitting a few questions and answers bearing on other matters, was as follows:

"A. Well, as I was coming home from church, betwixt twelve and one o'clock, on the 30th of December; it happened to be on Sunday there, coming home from church, and crossing, I tried to pick my way across the ditch, and I slipped on the rocks and fell; and when I fell I broke my left leg, and was unable to even get up.

"Q. Mrs. Rusow, were you hurt going to church? A. Coming from church.

"Q. As you came back from the church on that Sunday morning, you fell and received your injury? A. Yes, sir.

"Q. Now will you kindly tell the jury how you came to fall? A. Well, I slipped on the rocks.

"Q. Pardon me? A. There was rocks across to step on; and I slipped on the rocks.

"Q. Across this little stream? A. Across that ditch.

"Q. There were stones there that the pedestrians would step on? A. Yes.

"Q. And you were crossing that way, and when you put your foot on one of these stones there you slipped and fell? A. Yes.

"Q. And that is the way the accident occurred? A. Yes, sir.

"Q. You had known that crossing for twenty years, hadn't you? A. Yes, sir.

"Q. And you had gone across it many, many times during that twenty years? A. Yes, sir.

"Q. And the situation was the same when you went across that crossing on this Sunday, coming from church, that it was always, except that when you stepped upon one of these stones, you slipped and fell, and received the injury? A. No, sir; they had been that way quite a while after the tile broke.

"Q. And that is the whole of this story about this accident, isn't it? A. Yes, sir."

The respondents contend that, laying aside all other considerations, the appellant's own story convicts her of contributory negligence as a matter of law, on authority of such cases as Snyder v. Kansas City (Mo. App.), 262 S. W. 695; State ex rel. Snyder v. Trimble (Mo.), 262 S. W. 697; O'Neill v. St. Louis, 292 Mo. 656, 663, 239 S. W. 94, 95; Waldmann v. Skrainka Const. Co., 289 Mo. 622, 633 et seq., 233 S. W. 242, 245, et seq.; and in view of her admitted knowledge of the conditions where she attempted to cross the ditch there may be merit in the contention. But we do not pass on that; nor may we permit ourselves to be swerved by the hardship of the case. The statute governing appeals has been utterly disregarded without explanation or excuse. Unless it be ignored altogether the appellant can have no standing in this court. In accordance with Section 1478, Revised Statutes 1919, the respondents' motion to affirm the judgment of the trial court is sustained.

Judgment affirmed. *Seddon, C.*, concurs.


PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur.