Robert Pine, Appellant, v. E. F. Rybolt and W. H. Lauder.—63 S. W. (2d) 28.

Court en Banc, August 23, 1933.

*J. K. Owen* for appellant.

*Ayers Blocher* for respondents.

TIPTON, J.—The Kansas City Court of Appeals, deeming its opinion in this cause to be in conflict with an opinion of the Springfield Court of Appeals in the case of Broyles v. State Highway Commission, 223 Mo. App. 77, 8 S. W. (2d) 1021, certified this cause to this court. The appellant filed a suit in the Circuit Court of Jackson County against the respondents, in which the respondent Rybolt asked, for affirmative relief against the appellant. Appellant dismissed his petition on October 12, 1932, and the respondent on October 21, 1932, obtained a judgment by default against the appellant, from which the appellant perfected his appeal on November 3, 1932, to the Kansas City Court of Appeals.

On April 4, 1933, respondent Rybolt served a written notice, together with a copy of a motion to affirm, on the appellant's attorney of record notifying him that on April 6, 1933, the motion to affirm the judgment would be filed in the case because of the appellant's failure to perfect his appeal in the time allowed by statute. On the morning of April 5, 1933, appellant dismissed his appeal, after receiving respondent Rybolt's motion to affirm the judgment but before it was filed or acted upon, and the opinion of the Court of Appeals states the facts under which the appeal was dismissed as follows:

"Appellant, without notice to the court or any of its members, and without the knowledge of the court, appeared in the clerk's office and filed a certified copy of the judgment complained of, and the order allowing appeal, and then immediately appeared in court and

dismissed, or attempted to dismiss, his appeal, which he had made no effort to perfect until after he had been warned by respondent Rybolt's notice that the latter would move to affirm the judgment for appellant's failure to perfect same. The court, without having any intimation or knowledge whatever as to the true circumstances, entered an order of dismissal. Appellant's attempted dismissal was after he had received notice of what was about to happen, and he moved such dismissal in order to avoid the affirmance of said judgment on respondent Rybolt's motion (which was duly filed with the certificate and order allowing appeal), in violation of the respondent's right, under Section 1027, to have the judgment affirmed."

The appellant made no attempt to show "good cause" or any cause why such judgment should not be affirmed. The respondent Rybolt then filed a motion to set aside the order of dismissal and asked the court to affirm the judgment of the circuit court in accordance with the notice and motion served upon the appellant on April 4, 1933. In an opinion on these motions, the Court of Appeals sustained the respondent Rybolt by setting aside the order of dismissal and affirming the judgment of the circuit court; but deeming its opinion to be in conflict with an opinion of the Springfield Court of Appeals in the case of Broyles v. State Highway Commission, supra, this cause was certified to this court.

The first term of court of the Kansas City Court of Appeals, after this judgment was appealed from, began on March 6, 1933. This appeal was returnable to that term. [Sec. 1027, R. S. 1929.] Under Section 1028, Revised Statutes 1929, it was the duty of the appellant to cause to be filed in the office of the clerk a certified copy of the record entry of the judgment appealed from, together with the order granting the appellant fifteen days before the term began but the appellant failed to do so. In compliance with Section 1027, supra, the respondent on April 4, 1933, served a notice and a motion upon the appellant to affirm the judgment, and the notice stated that the motion would be filed on the 6th day of April, 1933. Respondent complied with this statute by producing "in court the certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted and the time when the appeal was granted." Under Section 1029, Revised Statutes 1929, the appellate courts are given power to make and promulgate suitable rules and regulations for the carrying into effect of Sections 1027 and 1028, supra, and pursuant thereto the Kansas City Court of Appeals promulgated their Rule Number 24 which required the respondent, before filing a motion to affirm the judgment, to "first notify the adverse party or his attorney of record, at least twenty-four hours before making the motion, . . .

and shall on filing such motion, satisfy the court that such notice has been given.'' This the respondent did in this cause. The sole question in this cause is, can the appellant, after having received a notice and motion to affirm the judgment, where he has neglected to comply with the statutes between the time of receiving the notice and the date in which the notice stated the motion would be filed, dismiss his appeal without showing ''good cause'' why the judgment should not be affirmed on motion, and thus prolong the litigation between the parties by giving the appellant an opportunity to sue out a writ of error, if the time given by the statutes has not elapsed? We do not believe that he can. In Thoms v. Sullivan, 79 Mo. App. 384, the St. Louis Court of Appeals said:

''It seems to us that to allow the plaintiff to dismiss an appeal which he has taken no steps to bring here, after the defendant has in all respects complied with the provisions of Section 2252, supra, to entitle him to an affirmance would be to deprive the defendants of a legal right which they have acquired by their diligence, and at the same time would privilege the plaintiff to escape the legal consequence which he has incurred by reason of his negligence, for should the appeal be dismissed, he, by writ of error, may have the errors of the circuit court reviewed, and in this way defeat the penalty imposed by the statute, for failure to prosecute the appeal.''

In the case of Rusow v. City of Rich Hill, 326 Mo. 29, 30 S. W. (2d) 983, this court in an opinion by ELLISON, C., said:

''But we do not pass on that; nor may we permit ourselves to be swerved by the hardship of the case. The statute governing appeals has been utterly disregarded with explanation or excuse. Unless it be ignored altogether, the appellant can have no standing in this court. In accordance with Section 1478, Revised Statutes 1919, the respondents' motion to affirm the judgment of the trial court is sustained.''

The case of Broyles v. State Highway Commission, supra, is a case of the Springfield Court of Appeals in which the appellant failed to file his appeal in the time allowed; the respondent filed a motion to affirm, but respondent did not comply with the rules of the court in giving five days' notice before filing the motion, but filed the motion a day after the motion was served. It held that the motion was premature and the court also expressed the opinion that it did not have jurisdiction of the cause, and in the course of the opinion said:

''But if the appellant, after notice of motion to dismiss an appeal, and during the five days, moves to dismiss his appeal, we have permitted such to be done. We *affirm* only when the respondent complies with the requirements of the rule as to notice and with the requirements of Section 1478 as to what shall be produced on a motion to affirm *and* when the appellant takes no steps during the five days

to perfect his appeal or during the five days does not move to dismiss. An appellant has the right, if he timely moves, to dismiss his appeal and proceed by writ of error.''

(Under the rules of the Springfield Court of Appeals the respondent must give the appellant five days' notice before filing the motion to affirm, while under the rules of the Kansas City Court of Appeals twenty-four hours' notice is required.) We do not approve the quoted portion of the opinion of the Springfield Court of Appeals. We believe that Sections 1027 and 1028, supra, give to the respondent substantial rights that he is entitled to enforce when the appellant fails to effect an appeal within the time allowed by these sections. It is our duty to enforce these statutes and if the appellant has ''good cause'' why the motion to affirm should not be sustained, he should make such a showing to the appellate court to which the cause was appealed, as provided for in Section 1027, supra. In this cause the appellant made no attempt to show ''good cause'' or in fact any cause why the judgment should not be affirmed. He took no steps to perfect his appeal, but attempted to defeat the respondent of his right given him by Section 1027, supra, after respondent took the necessary step to enforce the provision of this section of the statute. We, therefore, believe that the Kansas City Court of Appeals in the case correctly ruled upon the motion to set aside the order of dismissal and correctly ruled on the motion to affirm the judgment.

The motion to set aside the dismissal is sustained and the motion to affirm the judgment is sustained. All concur.