HOMER SELLERS, RESPONDENT, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, A CORPORATION, APPELLANT.—163 S. W. (2d) 97.

Kansas City Court of Appeals. June 15, 1942.

*Clayton W. Allen* for respondent.

*Maurice Pope* for appellant.

CAVE, J.—This cause is now before us on a motion filed by respondent to set aside an order made in vacation permitting appellant to dismiss its appeal and to affirm the judgment. The facts giving rise to the situation now presented are as follows:

On the 25th day of February, 1941, respondent obtained a judgment against the appellant in the Circuit Court of Atchison County, Missouri, in the sum of $318.38; appellant filed a motion for new trial which was overruled, and on March 26, 1941, appellant was granted

an appeal by the circuit court to this court. The appeal was therefore granted more than sixty days prior to the first day of the October Term, 1941, of this court, and was returnable to that term. Although appellant paid the docket fee and filing fee, as required by law, and ordered the clerk to make up a short transcript of the record containing a certified copy of the judgment and order granting the appeal, no such transcript was filed with the clerk of this court fifteen days before the first day of the October Term, 1941, as provided by Section 1194, Revised Statutes 1939. Respondent made no effort to have the judgment affirmed or the appeal dismissed at the October Term, 1941, and no action was taken in regard thereto until March 23, 1942, when respondent served appellant with notice that he would file a motion to affirm the judgment on March 30, 1942. The motion to affirm was filed with our clerk on March 24, and attached to said motion was a certificate of the clerk of the Circuit Court of Atchison County stating the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted, and the date when the appeal was granted; all is required by Section 1193, Revised Statutes 1939. After receiving said notice to affirm the judgment, the appellant, on March 25, 1942, filed with the clerk of this court a certified copy of the judgment complained of and the order allowing appeal and then immediately dismissed, or attempted to dismiss, his appeal, and the clerk of this court, in vacation, made the following order of dismissal:

"Now at this day, comes the said appellant by attorney, and, upon its motion, it is considered and adjudged that the appeal herein be and the same is hereby dismissed; and that the said respondent recover against the said appellant costs and charges herein expended, and have therefor execution."

Thereafter, and on April 6, 1942, respondent's motion to affirm the judgment was overruled; and as above stated, the respondent, on April 9, 1942, filed his motion to set aside the order of dismissal, and praying this court to affirm said judgment for the reasons above set out.

The facts seem to be undisputed. After the appeal had been perfected as above stated, the clerk of the Circuit Court of Atchison County, on July 22, 1941, wrote the attorney for appellant advising him that the transcript in the above case had been prepared for transmittal to the clerk of this court and that he, the clerk, would mail the same unless said attorney desired to "check the transcript before mailing;" on July 24, said attorney wrote the clerk that he desired to check the transcript before it was mailed to the clerk of this court; on July 25, the clerk forwarded a copy of the transcript to appellant's attorney for inspection, and advised him "the original will not be transmitted to the clerk of the Kansas City Court of Appeals until you so advise." The clerk had no reply to that letter, and

on September 4, 1941, and more than fifteen days before the first day of the October Term, 1941, of this court, again wrote the attorney for appellant referring to the fact that the transcript had been prepared and the copy sent to the attorney for his approval and that the clerk had not heard anything from him, and asked for advice as to filing the original with the clerk of this court. The clerk had no reply to such letter and did not file the original transcript in this court. We mention such facts to show that the circuit clerk complied with the requirements of Section 1193, *supra,* by notifying appellant's attorney of the completion of the transcript in time to enable him to have the same filed in the appellate court. The responsibility of filing the transcript cannot be shifted to the circuit clerk, but must be attended to by appellant or his attorney. [State ex rel. v. Robertson, 264 Mo. 661; Jones v. Brownfield, 78 S. W. (2d) 453.] The clerk has no duty to perform, except to make the transcript at the appellant's request, and appellant must use diligence in having this done and having it filed in the appellate court on time. It is clear from the record that the circuit clerk notified appellant's attorney of the preparation of the transcript in time for the same to have been filed to the October Term, 1941, of this court, but that no steps were taken by appellant to file said transcript either to the October Term, 1941, or to the March Term, 1942. Such delay cannot be condoned without a showing of "good cause."

It does appear that some time after the appeal was granted, it ordered the court reporter to prepare a bill of exceptions, which was prepared, and after approval by respondent's attorney and by trial judge, was filed with the clerk of the Circuit Court of Atchison County, on November 12, 1941; that appellant has paid the charges therefor; however, we do not consider that any good reason for denying respondent his right to affirmance. The identical question was ruled on by the Springfield Court of Appeals in the case of Jones v. Brownfield, *supra.*

Appellant cites and relies upon the case of Erwin v. Missouri and Kansas Telephone Co., 173 Mo. App. 508, to support its contention that it had the right to dismiss its appeal after respondent served the notice of his motion to affirm the judgment, but we conclude the opinion in that case was overruled by the Supreme Court in Pine v. Rybolt et al., 63 S. W. (2d) 28, wherein the Supreme Court specifically held to the contrary and overruled an opinion of the Springfield Court of Appeals, in the case of Broyles v. State Highway Commission, 223 Mo. App. 71, 8 S. W. (2d) 1021, and in which opinion that Court of Appeals had relied upon and followed its opinion in the Erwin case, *supra.*

Appellant contends that the respondent has been guilty of laches and has waived his right to request an affirmance of the judgment, and cites the case of Stogsdill v. St. Louis-S. F. Ry. Co., 85 S. W.

(2d) 447, but the facts in that case are so different from the facts in this case that it is no authority for the contention being made here.

We consider the opinion of the Supreme Court en banc in the case of Pine v. Rybolt et al., *supra*, conclusive on the questions presented in this case. Sections 1193 and 1194, *supra*, give to the respondent substantial rights that he is entitled to enforce when the appellant fails to effect an appeal within the time allowed by these sections, and it is our duty to enforce these statutes unless the appellant can show "good cause" why they should not be enforced. No "good cause" being shown, we conclude that the order made in vacation dismissing the appeal herein should be and is hereby set aside and for naught held, and that respondent's motion to affirm the judgment of the Circuit Court of Atchison County should be and is hereby sustained. It follows said judgment must be and is affirmed. All concur.