FRANK E. BERGMAN, EMPLOYEE, APPELLANT, v. ABNER HOOD CHEMICAL COMPANY, EMPLOYER, HARTFORD ACCIDENT INDEMNITY CO., INSURER, RESPONDENTS.—173 S. W. (2d) 545.

Kansas City Court of Appeals. July 19, 1943.

*D. .V. Downs* for appellant.

No brief for appellant.

*Leo T. Schwartz* for respondents.

No brief for respondents.

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Jackson County affirming the finding and order of the Workmen's Compensation Commission denying claimant (appellant) an award under the Workmen's Compensation Act. The judgment was entered on September 14, 1942, and appeal was granted to this court on September 19, 1942, which was less than sixty days before the October Term of this court but about five and one-half months before the March, 1943, Term of this court.

Appellant did not file his transcript of appeal with the clerk of our court until May 14, 1943, more than sixty days after the first day of our March Term. Respondents have filed motion to affirm the judgment of the trial court because the transcript was not filed within the time prescribed by Section 1193, Revised Statutes 1939. The motion to affirm is accompanied by certificate of the clerk of the circuit court wherein the appeal was granted, stating the title of the cause, the date and amount of the judgment, against whom the same was rendered, the name of the party in whose favor the appeal was granted, and the time when the appeal was granted.

Appellant's only excuse for failure to file the transcript in time is that he nor his attorney were notified by the circuit clerk of the completion of the transcript in time to enable them to have the same filed before our March Term. The affidavit made by appellant's attorney in support of that contention does not state when or whether he ever

ordered the clerk to prepare the transcript, or when or whether he ever paid the docket fee therefor. Under such circumstances, the affidavit is insufficient. [Dare v. Smith et al., 59 Mo. App. 58.]

Furthermore, in the case of Hofstatter v. Cantrell, 180 S. W. 435, this court held under a state of facts almost identical with those present that the judgment should be affirmed on proper motion being filed. We there held that while Section 2053, Revised Statutes 1909 (now Sec. 1199), does provide that it shall be the duty of the clerk when an appeal is taken to make out the transcript, nevertheless, Section 2048 (now 1194), makes it the duty of the appellant to "cause to be filed in the office of the proper appellate court, the transcript", and if he does not do so, it is ground for affirmance.

In Downing v. Lashot et al., 201 Mo. App. 75, the St. Louis Court of Appeals said: "This and other courts have time and again stated that the duty of perfecting and prosecuting an appeal with diligence is primarily on the appellant and that he cannot, after taking the appeal, rest on his oars trusting to the clerk of either the trial or appellate court to remind him of any necessary step in perfecting his appeal." In Jones v. Brownfield, 78 S. W. (2d) 453, 455, the court said: "In order, however, for the default of the clerk to be good cause, the appellant must not himself be delinquent in his duty. While it is the clerk's duty to make the transcript for the appellant on request and payment of the proper fees, yet it is appellant's broad duty to cause same to be filed in the proper appellate court in the proper time. [Hofstatter v. Cantrell (Mo. App.), 180 S. W. 435.] The clerk has no duty to perform, except to make the transcript at the appellant's request, and appellant must use diligence in having this done and having it filed in time. He cannot cast this duty on the clerk. [State ex rel. v. Robertson, 264 Mo. 661, 671, 175 S. W. 610.]" [See also Sellers v. National Fire Insurance Co. of Hartford, 163 S. W. (2d) 97, and Pine v. Rybolt et al., 333 Mo. 670, 63 S. W. (2d) 28.] In the last cited case the Supreme Court said that Sections 1193 and 1194 give respondents substantial rights that they are entitled to enforce when the appellant fails to effect an appeal within the time allowed by those sections; and that it was the duty of the court to enforce such statutes.

We are always reluctant to dismiss an appeal or affirm a judgment without considering the case on the merits, but under the established law in this State and the facts in this case, there is no other course for us to pursue.

The judgment of the trial court must be affirmed. It is so ordered. *Shain, P. J.*, concurs; *Bland, J.*, absent.