ROY S. MCABOY ET AL. v. WARREN PACKER, Appellant.—No. 39234.—187 S. W. (2d) 207.

Division Two, April 2, 1945.

Rehearing Denied, May 1, 1945.

1220

*Vern E. Thompson* and *Loyd E. Roberts* for appellant.

*R. A. Pearson* for respondents.

BARRETT, C.—In Johnson v. McAboy, 350 Mo. 1086, 169 S. W. (2d) 932, it was·decided that Roy S. McAboy and his sister, Emma Morgan, were the owners of certain land in Jasper County as against E. W. Johnson, a purchaser at a tax sale. The land was then valued at from $1,000.00 to $2,000.00 and Johnson's tax deed was set aside because of the inadequacy of the consideration of $79.05. In this action McAboy and his sister seek to quiet the title to the land as against Johnson's grantee, Warren Packer. Packer's defense to the action is that he is a bona fide purchaser for value. In any event, he contends that he is entitled to recover the value of certain improvements.

The background of the litigation is this:

The land was deeded to McAboy and Mrs. Morgan by their father in March 1932 the deed being recorded in November 1934. The taxes for the years 1932 to 1938 were not paid. In 1940 someone representing McAboy and Mrs. Morgan obtained a statement from the collector's office for the taxes for the years 1937, 1939 and 1940 and was then informed that there had not been a sale of the land because of delinquent taxes. As a matter of fact the land had been sold to E. W. Johnson on November 14, 1938 for the taxes due in the years 1934 to 1937 in the sum of $79.05. In March 1941, on the basis of the tax deed, Johnson brought suit in ejectment and to quiet the title as against McAboy and Mrs. Morgan. In a cross petition McAboy and Mrs. Morgan plead that the tax deed was void and asked that it be canceled because of the inadequacy of the consideration. On May 22, 1941 the trial court found against McAboy and Mrs. Morgan and quieted the title in Johnson. On May 24, 1941 McAboy and Mrs. Morgan paid the docket fee and appealed to this court. A certified copy of the judgment and order granting the appeal was filed on May 28, 1941. On January 2, 1942 Johnson filed a motion to affirm the judgment for the reason that McAboy and Mrs. Morgan had failed to file a bill of exceptions, abstract of the record and briefs, as required by the statutes and the rules of this court. However, on January 13, 1942 the appeal was dismissed for failure to comply with the rules.

Warren Packer and his brother had been tenants of McAboy and Mrs. Morgan. Warren wanted to buy the land and in the latter part of 1941 talked to Johnson's lawyer about it. He was informed at that time that the land could not be sold until the title was quieted under the tax deed. Subsequently he was a witness and testified for Johnson in his quiet title suit. After talking to Johnson's lawyer he paid $25.00 down and agreed to buy the land when the title was quieted in Johnson. He had his own attorney examine an abstract of the title to the land and after Johnson's attorney was notified that McAboy's and Mrs. Morgan's appeal had been dismissed on January 13, 1942 he was informed that the title was quieted in Johnson and that he could purchase the land. Accordingly he paid Johnson's attorney an additional $775.00 in cash and gave a note and deed of trust for $200.00 as the balance of the purchase price of $1,000.00. His deed from Jackson was dated and acknowledged on January 15, 1942 and recorded on February 16, 1942. The $775.00 was paid in February 1942 and the $200.00 note was paid in July 1942.

On April 29, 1942, in the case of Johnson v. McAboy and Morgan (which had been dismissed in this court), McAboy and Mrs. Morgan sued out a writ of error and on April 23, 1943 the decree of the circuit court quieting the title in Johnson was reversed, as we have

indicated, and title to the land was quieted in McAboy and Mrs. Morgan. (350 Mo. 1086, 169 S. W. (2d) 932.)

Packer claims that under the circumstance of having purchased the land in January-February, after the appeal in Johnson v. McAboy and Morgan was dismissed and before the writ of error was sued out in April, he is a bona fide purchaser for value without notice and, therefore, his title must prevail over the title which was adjudged, on writ of error, to be in McAboy and Mrs. Morgan. He seeks to bring himself within the rule that the prosecution of a writ of error is the institution of a new suit, as contrasted with an appeal which is a continuation of the original action, and that one purchasing after there has been a final judgment or decree and before a writ of error is sued out is not a lis pendens purchaser. 2 Pomeroy, Equity Jurisprudence, Sec. 634b; 34 Am. Jur., Sec. 33, p. 387; annotations 10 A. L. R. 415, 416; 9 Ann. Cas. 987; 10 L. R. A. (N. S.) 443; 56 Am. St. Rep. 853, 875-876. Specifically he relies upon Macklin v. Allenberg, 100 Mo. 337, 13 S. W. 350; Macklin v. Schmidt, 104 Mo. 361, 16 S. W. 241 and Pierce v. Stinde, 11 Mo. App. 364. These cases plainly hold that one who voluntarily purchases property in good faith and for a valuable consideration, the title to which is involved in suit, after judgment or decree and before a writ of error has been sued out is not a purchaser with knowledge but takes the title unaffected by the result of the proceeding in error. But it should be carefully noted that in Macklin v. Allenberg the defendant was a purchaser under a deed of trust and in Pierce v. Stinde the purchaser received a warranty deed.

In the instant case Packer claims and his deed from Johnson recites that it is a warranty deed. It contains the statutory words "grant, bargain and sell" (Mo. R. S. A., Sec. 3407) and in general may be said to be a warranty deed. But the habendum clause of the deed covenants that the grantors, Johnson and his wife, "will Warrant and Defend the title to said premises unto the said party of the Second Part (Packer), and unto his heirs and assigns Forever *against the lawful claims and demands of all persons claiming under, by or through said grantor, but against no other person or persons whomsoever.*" The consequence is that Packer received a deed containing a covenant of "special warranty," a covenant that the grantors would warrant and defend the title against certain persons or claims only—those "claiming under, by or through said grantor, but against no other person or persons whomsoever." 7 Thompson, Real Property, Sec. 3741; 21 C. J. S., Sec. 49, p. 920; Miller v. Bayless, 194 Mo. 630, 639, 92 S. W. 482, 484. And the decisive question is the effect of this additional circumstance of the special warranty in his deed. It is a circumstance which distinguishes the cause from Macklin v. Allenberg and Pierce v. Stinde.

The problem is not whether the covenants expressed by the words "grant, bargain and sell" are expressly "restrained" by the covenant of special warranty within the meaning of the statute. Mo. R. S. A., Sec. 3407; Alexander v. Schreiber, 10 Mo. 460; Collier v. Gamble, 10 Mo. 467. It is not a question of whether Packer could sue Johnsons on their covenants of warranty. Macklin v. Kinealy, 141 Mo. 113, 41 S. W. 893; Tracy v. Greffet, 54 Mo. App. 562. Neither is it a question of the validity or superiority of Packer's title as against his grantors' title. Bogy v. Shoab, 13 Mo. 627. It is not a problem of the foundation, policy and theory of lis pendens. Annotation 56 Am. St. Rep. 853; 8 Thompson, Real Property, pp. 392-393; 48 M. B. L. 31. As against the respondents' suit to quiet their title, established by the judgment of this court in Johnson v. McAboy, Packer plead that he was "an innocent and bona fide purchaser for value of said land from the said E. W. Johnson" and the determinative question is whether, by reason of his deed containing the covenant of special warranty, he comes within and is protected by the doctrine of bona fide purchaser for value.

"The essential elements which constitute a bona fide purchase are . . . three,—a valuable consideration, *the absence of notice*, and the presence of good faith." 3 Pomeroy, Equity Jurisprudence, Sec. 745, p. 20; 66 C. J., Secs. 936, 1038, pp. 1110, 1183. A good faith purchaser for a valuable consideration is not charged with notice of outstanding equities or interests when his title is through a full and complete, general warranty deed. Hendricks v. Calloway, 211 Mo. 536, 560, 111 S. W. 60, 66-67; Starr v. Bartz, 219 Mo. 47, 59, 117 S. W. 1125, 1127. But, a good faith purchaser for value under a quitclaim deed obtains only such right, title or interest as his grantor had and he cannot be a bona fide purchaser of any greater interest; consequently, a grantee in a quitclaim deed takes title subject to and with notice of any prior outstanding equity or claim, not required to be recorded, and is not a purchaser without notice. 66 C. J., Sec. 916, p. 1099; Zweigart v. Reed, 221 Mo. 33, 46, 119 S. W. 960, 964; Campbell v The Laclede Gas Company, 84 Mo. 352; Shelton v. Horrell, 232 Mo. 358, 378, 134 S. W. 988, 992; Williams v. Reid (Mo.), 37 S. W. (2d) 537, 540. "It is a quitclaim deed and will not support his claim of being a purchaser for a valuable consideration without notice." Ridgeway v. Holliday, 59 Mo. 444, 455. This is not to say that one may not be a bona fide purchaser merely because there is a quitclaim deed or a special warranty deed in his chain of title. Marston v. Catterlin, 270 Mo. 5, 192 S. W. 413. But the immediate grantee is charged with notice of all recitals contained in his deed. 2 Devlin, Deeds, Sec. 1000; 2 Pomeroy, Equity Jurisprudence, Secs. 626-631.

As we have said, the deed in question covenanted only against the grantor and no other person whomsoever which, so far as the doctrine of bona fide purchaser is concerned, is equivalent to a quitclaim deed, as the grantor warrants against no one but those claiming under him. Freeman v. Moffitt, 119 Mo., l. c. 302, 25 S. W., l. c. 93; Miller v. Bayless, supra; Marston v. Catterlin, supra. "It is a general rule that where a vendee receives a special warranty or quitclaim conveyance, he takes the estate subject to all the disadvantages that it was liable to in the hands of the vendor, and the law will presume notice of all encumbrances, either legal or equitable. The fact that a vendor refuses to make a full and complete assurance of title is said to be sufficient to excite suspicion and put the party upon inquiry." 14 Am. Jur., Sec. 56, p. 524.

 When McAboy and Mrs. Morgan appealed from the circuit court decree in favor of Johnson, Johnson did not pay the docket fee, produce a certified copy of the judgment and order granting the appeal and move to affirm the judgment. Mo. R. S. A., Sec. 1193; Pine v. Rybolt, 333 Mo. 670, 63 S. W. (2d) 28; Sellers v. National Fire Ins. Co., 236 Mo. App. 933, 163 S. W. (2d) 97. Had he done so and had that been the case McAboy and Mrs. Morgan could not thereafter, even within the year, had their cause reviewed by writ of error. Padgett v. Smith, 205 Mo. 122, 103 S. W. 942. Their appeal was dismissed for failure to comply with the rules and as the statutes then stood (Compare, Laws Mo. 1943, p. 353) they had the right, within a year, to have the case reviewed on writ of error. Mo. R. S. A., Secs. 1200, 1202; Burdick v. Security Life Assn., 91 Mo. App. 529; State ex rel. Hirsch v. Silverstein & Co., 77 Mo. App. 304; Stogsdill v. St. Louis-S. F. Ry. Co., 337 Mo. 126, 85 S. W. (2d) 447. And the fact of their right to so have the cause reviewed, in view of Packer's deed, was a matter of which he was bound to take notice and make inquiry as Johnson's title was subject to being so defeated.

 If other circumstances are necessary to substantiate notice, (Marston v. Catterlin, supra; Freeman v. Moffitt, supra;)—Packer was a tenant under McAboy and Mrs. Morgan, he knew of Johnson's quiet title suit and was cognizant of the fact that Johnson's title depended on the validity of a tax sale. He was a witness and testified for Johnson in the quiet title suit. Under all the circumstances, particularly the circumstance of the special warranty in his deed, Packer was not a bona fide purchaser for value because he was not without notice of a possible, prior, outstanding claim or title in favor of McAboy and Mrs. Morgan.

 Packer also claims that after receiving his deed and before the institution of this suit he made improvements on the property of the total value of $2,125.00 for which he is entitled to compensation. Mo. R. S. A., Sec. 1548. We do not decide the question of notice and whether Packer in "good faith" made the improvements. See and

compare: Otten v. Otten, 348 Mo. 674, 681, 156 S. W. (2d) 587, 590; Boatmen's Sav. Bank v. Grewe, 101 Mo. 625, 14 S. W. 708; 27 Am. Jur., Secs. 8, 13, 14. And, it is assumed that recovery for the improvements was properly sought in this action. Hill v. Ballard (Mo.), 178 S. W. 445.

Packer testified that the improvements consisted in $421.25 worth of fence, $900.00 worth of manure, a drainage ditch costing $25.00, $90.00 labor in cleaning out persimmon sprouts and $210.00 worth of lespedeza. McAboy and his brother testified that not more than thirty rods of fence had been built, that old wire was used, that split railroad ties were used for posts and that part of the fence was not necessary. They testified that the ditch did more damage than good. They discounted the possibility of so much manure having been placed on the land. The brother's conclusion was, "I did not notice any generally marked improvements that would add value in particular to that forty acres over what it had before he got it, nothing more than straightening up the fence, and he did more damage by taking out the middle fence between the pasture and the piece of ground on the north." In addition to this evidence, and the other circumstances of the case, on May 8, 1942 the notice of the writ of error in Johnson v. McAboy was filed in the recorder's office in Jasper County. But aside from the question of good faith and notice, the compensation allowed for improvements "is the amount by which the value of the land is enhanced by the improvements." Rains v. Moulder, 338 Mo. 275, 286, 90 S. W. (2d) 81, 86. And whether the land involved in this suit was in fact enhanced by the improvements depends on the credibility of the witnesses and the weight of the evidence and there is not sufficient reason for not deferring to the trial court's finding and judgment against Packer on his claim for compensation, save as to taxes. Zumwalt v. Forbis, 349 Mo. 752, 757, 163 S. W. (2d) 574, 577; Trieseler v. Helmbacher, 350 Mo. 807, 820, 168 S. W. (2d) 1030, 1038.

The judgment is affirmed. *Westhues, C.,* concurs; *Bohling, C.,* concurs in result.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.